J-S70021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SAMUEL CONYERS | |
| Appellant | No. 909 EDA 2014 |

Appeal from the PCRA Order March 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0712401-1979

BEFORE: LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY MUNDY, J.: **FILED NOVEMBER 18, 2014**

Appellant, Samuel Conyers, appeals *pro se* from the March 11, 2014 order, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On December 12, 1979, Appellant pled guilty to one count each of murder and possession of an instrument of a crime.[1] On December 13, 1979, Appellant proceeded to a non-jury degree-of-guilt hearing, at the conclusion of which the trial court found Appellant guilty of first-degree murder and imposed an aggregate sentence of life imprisonment without

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2501 and 907, respectively.

parole. On November 15, 1985, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his *allocatur* petition on August 24, 1994.[2] ***Commonwealth v. Conyers***, 505 A.2d 1030 (Pa. Super. 1985), *appeal denied*, 648 A.2d 748 (Pa. 1994). Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. As a result, his judgment of sentence became final on November 22, 1994, when the filing period for such a petition expired. ***See generally*** 42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13(1). Thereafter, Appellant filed unsuccessful PCRA petitions in 1996 and 2000. Appellant filed the instant petition on May 15, 2012. On March 11, 2014, the PCRA court dismissed Appellant's PCRA petition. On March 19, 2014, Appellant filed a timely notice of appeal.

As noted above, Appellant did not file the instant PCRA petition until May 15, 2012. Therefore, it was patently untimely because it was not filed within one year of his judgment of sentence becoming final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Furthermore, Appellant's brief does not allege that any of the three exceptions to the PCRA time-bar applies. ***See Commonwealth v. Taylor***, 933 A.2d 1035, 1039 (Pa. Super. 2007) (stating, "[t]he PCRA specifically provides that a petitioner raising one of the statutory exceptions to the timeliness requirements must affirmatively plead and prove the exception[]") (citation omitted), *appeal denied*, 951 A.2d

---

[2] On January 3, 1994, the trial court granted Appellant leave to file his *allocatur* petition *nunc pro tunc*.

1163 (Pa. 2008). We note that Appellant's brief cites to the United States Supreme Court's decision in **Lafler v. Cooper**, 132 S. Ct. 1376 (2012).[3] Appellant's Brief at 13. To the extent this could be construed as seeking a time-bar exception, this Court recently held that **Lafler** does not create such an exception. **Commonwealth v. Feliciano**, 69 A.3d 1270, 1277 (Pa. Super. 2013).

Based on the foregoing, we conclude the PCRA court correctly dismissed Appellant's PCRA petition as untimely. Accordingly, the PCRA court's March 11, 2014 order is affirmed.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: _11/18/2014_

---

[3] In his PCRA petition, Appellant couched **Lafler** as a time-bar exception under 42 Pa.C.S.A. § 9545(b)(1)(iii). Appellant's PCRA Petition, 5/15/12, at 2. However, Appellant does not cite to the time-bar or any of its enumerated exceptions in his brief.