J-S70026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE WILLIAMS | |
| Appellant | No. 1149 EDA 2014 |

Appeal from the PCRA Order March 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1021371-1984

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 05, 2014**

Appellant, Andre Williams, appeals from the March 17, 2014 order, dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On February 6, 1985, Appellant entered an open guilty plea to one count each of murder and possession of an instrument of a crime (PIC).[1] The trial court conducted a degree-of-guilt hearing, at the conclusion of which the trial court found Appellant guilty of third-degree murder.  On June 19, 1985, the trial court imposed an aggregate sentence of life

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2501 and 907, respectively.

imprisonment. On April 17, 1986, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Williams**, 512 A.2d 728 (Pa. Super. 1986) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court. As a result, his judgment of sentence became final on May 19, 1986, when the filing period for such a petition expired.[2] **See generally** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Thereafter, Appellant filed unsuccessful post-conviction petitions in 1986, 1991, 1992, 1998, and 2004. Appellant filed the instant petition on May 18, 2012. On March 17, 2014, the PCRA court dismissed Appellant's PCRA petition. On April 11, 2014, Appellant filed a timely notice of appeal.

As noted above, Appellant filed the instant PCRA petition on May 18, 2012. Therefore, it was patently untimely because it was not filed within one year of his judgment of sentence becoming final. **See** 42 Pa.C.S.A. § 9545(b)(1). However, Appellant argues that the United States Supreme Court's decisions in **Alleyne v. United States**, 133 S. Ct. 2151 (2013), **Missouri v. Frye**, 132 S. Ct. 1399 (2012), and **Lafler v. Cooper**, 132 S. Ct. 1376 (2012) each satisfy the new constitutional right exception to the PCRA time-bar. Appellant's Brief at 15; **see also generally** 42 Pa.C.S.A.

---

[2] We observe that the 30th day fell on Saturday, May 17, 1986. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely *allocatur* petition was Monday, May 19, 1986.

§ 9545(b)(1)(iii). This Court has recently rejected the argument that *Alleyne* satisfies Section 9545(b)(1)(iii). ***Commonwealth v. Miller***, --- A.3d ---, 2014 WL 4783558, *5 (Pa. Super. 2014). This Court also recently concluded that ***Frye*** and ***Lafler*** do not satisfy the time-bar exception. ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1277 (Pa. Super. 2013).

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's petition as untimely. Accordingly, the PCRA court's March 17, 2014 order is affirmed.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Strassburger files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2014