J-S24006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY JACKSON | |
| Appellant | No. 1082 EDA 2014 |

Appeal from the PCRA Order March 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1135721-1982

BEFORE:  GANTMAN, P.J., ALLEN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED APRIL 08, 2015**

Appellant, Harry Jackson, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On March 26, 1983, a jury found Appellant guilty of first-degree murder and possessing instruments of crime.  The court sentenced Appellant on July 14, 1983, to life imprisonment.  This Court affirmed the judgment of sentence on December 5, 1984.  ***See Commonwealth v. Jackson***, 488 A.2d 1164 (Pa.Super. 1984).  Our Supreme Court denied allowance of appeal on April 4, 1985.  On April 30, 1987, Appellant filed his first petition for collateral relief, which the court dismissed on November 19, 1990.  This Court affirmed the order denying relief on May 8, 1991, and our Supreme Court denied allowance of appeal on October 31, 1991.  ***See***

*Commonwealth v. Jackson*, 595 A.2d 191 (Pa.Super. 1991), *appeal denied*, 529 Pa. 617, 600 A.2d 534 (1991).

On May 8, 2012, Appellant filed the current, serial *pro se* PCRA petition. The court issued Pa.R.Crim.P. 907 notice on March 7, 2014; Appellant responded on March 18, 2014. The court dismissed Appellant's petition as untimely on March 27, 2014. On April 9, 2014, Appellant timely filed a *pro se* notice of appeal. No Rule 1925(b) statement was ordered, and Appellant filed none.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, ____ Pa. ____, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused; and a petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1), (b)(2). Instantly, Appellant's judgment of sentence became final on June 3, 1985, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct.R. 20.1 (effective August 1, 1984; allowing 60 days to file

petition for writ of *certiorari*). Appellant filed the current petition on May 8, 2012, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "new constitutional right" exception to the PCRA's time bar under Section 9545(b)(1)(iii), claiming **Lafler v. Cooper**, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) and **Missouri v. Frye**, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) set forth newly recognized constitutional rights, held to apply retroactively.[1] Nevertheless, this Court has specifically held that neither **Lafler** nor **Frye** created a new constitutional right. **See Commonwealth v. Feliciano**, 69 A.3d 1270 (Pa.Super. 2013) (explaining **Lafler** and **Frye** simply applied Sixth Amendment right to counsel and ineffectiveness test to circumstances where counsel's conduct resulted in plea offer lapsing or being rejected to defendant's detriment; petitioner's reliance on these decisions to satisfy Section 9545(b)(1)(iii) exception to PCRA's time restrictions is unavailing). Thus, the court properly dismissed Appellant's petition as untimely.

Order affirmed.

---

[1] The Supreme Court decided **Lafler** and **Frye** on March 21, 2012. Thus, Appellant complied with the sixty-day rule per 42 Pa.C.S.A. § 9545(b)(2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/8/2015</u>