**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Jose Miguel FELICIANO, Appellant.**

Superior Court of Pennsylvania.

Submitted April 15, 2013.
Filed July 1, 2013.

Jose M. Feliciano, appellant, pro se.

James B. Martin, District Attorney, Allentown, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J.E., BENDER, J., and WECHT, J.

OPINION BY BENDER, J.:

Appellant, Jose Miguel Feliciano, appeals *pro se* from the court's June 28, 2012 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Appellant argues, *inter alia*, that the PCRA court improperly considered his petition as untimely where he presents claims that satisfy two exceptions to the PCRA time-bar, those contained in sections 9545(b)(1)(ii) and (iii). After careful review, we disagree that Appellant's assertions meet either of these exceptions. Accordingly, we affirm the denial of his untimely petition.

The factual and procedural history of this case can be summarized as follows. On February 4, 1993, Appellant was convicted by a jury of first-degree murder, aggravated assault, recklessly endangering another person (REAP), and carrying a firearm without a license. His convictions stemmed from the May 15, 1992 shooting death of Anthony Breeland. At Appellant's trial, several witnesses testified that Appellant and Breeland had an altercation, during which Breeland, who had been drinking, pushed Appellant and began yelling at him. In response, Appellant pulled out a loaded gun and fired five shots at Breeland, three of which were at point-blank range. Breeland sustained gunshot wounds to his back, stomach, and thigh, and ultimately died from the blood loss caused by those injuries.

Following a death penalty hearing, the jury determined that Appellant's punish-

ment should be life imprisonment, and the court imposed that sentence on February 5, 1993. Appellant timely appealed and, after this Court affirmed his judgment of sentence, our Supreme Court denied his petition for permission to appeal on August 18, 1998. *Commonwealth v. Feliciano*, 715 A.2d 501 (Pa.Super.1998) (unpublished memorandum), *appeal denied*, 556 Pa. 671, 727 A.2d 127 (1998).

On April 13, 1999, Appellant filed his first *pro se* PCRA petition and counsel was appointed. After conducting an evidentiary hearing, the PCRA court denied Appellant's petition. This Court affirmed on appeal, and our Supreme Court denied Appellant's petition for permission to appeal. *Commonwealth v. Feliciano*, 839 A.2d 1152 (Pa.Super.2003), *appeal denied*, 579 Pa. 689, 856 A.2d 832 (2004). Appellant then filed a second *pro se* PCRA petition in January of 2001, which the court denied as untimely. This Court affirmed that denial on November 6, 2008. *Commonwealth v. Feliciano*, 964 A.2d 940 (Pa.Super.2008).

Appellant filed the instant *pro se* PCRA petition, his third, on April 26, 2012. Appellant claimed that his trial counsel, Charles Sieger, Esquire, rendered ineffective representation by not promptly conveying to Appellant a plea offer from the Commonwealth. Specifically, Appellant alleged that Attorney Sieger received a letter from the Commonwealth on or about January 13, 1993, offering Appellant a sentence of 10 to 20 years' incarceration if he pled guilty to third-degree murder. Appellant claimed that Attorney Sieger never showed him that letter. Instead, Attorney Sieger waited until February 2, 1993, during the trial, to orally inform Appellant of the plea offer. When Appellant then attempted to accept the plea deal, the Commonwealth stated that the offer of 10 to 20 years' imprisonment had been rescinded

and replaced with a sentence of 30 to 60 years. Appellant rejected that offer, continued with the trial, and was convicted, ultimately receiving a sentence of life imprisonment. Appellant claimed that he discovered the Commonwealth's letter shortly after he filed his first petition for post conviction relief in April of 1999, when Attorney Sieger sent him his case file. Appellant averred that Attorney Sieger's failure to disclose the letter and/or promptly inform him of the Commonwealth's plea offer "fell directly within the [s]tandard of [IAC] as provided by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as well as stands upon [United States] Supreme Court decisional law in *Missouri v. Frye*, [—— U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) ], *Lafler v. Cooper*, [—— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012),] and *Martinez v. Ryan*, [—— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) ]." Appellant's *Pro Se* PCRA Petition, 4/26/12, at Supplemental Page 3.

On June 5, 2012, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, reasoning that it was patently untimely pursuant to 42 Pa.C.S. § 9545(b)(1) (any petition must be filed within one year of the date the judgment of sentence becomes final). The court also emphasized that Appellant admitted in his petition that he discovered the Commonwealth's letter offering the 10 to 20 year plea deal in 1999, concluding that Appellant could have raised his ineffectiveness claim at that time.

The court did not receive a response from Appellant to the Rule 907 notice. Accordingly, on June 28, 2012, it dismissed his petition without a hearing. However, on July 3, 2012, Appellant filed a *pro se* document entitled, "Motion In Objection to the Court's June 5th, 2012 Order, With Notice Pursuant to Pa.R.Crim.P. 907(1)."

In that motion, Appellant contended that the United States Supreme Court's decision in *Martinez* recognized a new constitutional right that permitted him to assert his claim of Attorney Sieger's ineffectiveness under the timeliness exception of section 9545(b)(1)(iii). Appellant also argued that the attorneys assigned to represent him in his first two PCRA proceedings were ineffective for failing to assert Attorney Sieger's ineffectiveness and, as such, Appellant should be permitted to raise this issue despite its untimeliness.

On July 6, 2012, Appellant filed another *pro se* response to the court's Rule 907 notice. In that document, Appellant raised novel issues regarding his mental competency. He also asserted that he discovered "new evidence" in the form of an affidavit drafted by his "jail-house assistant," William Wallace, Jr., informing Appellant that after Attorney Sieger's representation of Appellant concluded, Attorney Sieger's license to practice law had been suspended due to his ineffective representation of other clients.

Then, on July 19, 2012, Appellant filed a third *pro se* document, this time a motion for reconsideration of the court's June 28, 2012 order denying his PCRA petition. Appellant averred that the court had improperly denied his petition without considering Appellant's responses to the court's Rule 907 notice. Appellant alleged that pursuant to the "Prisoner Mailbox Rule," those filings should have been deemed as timely and the court should have evaluated them prior to deciding to dismiss Appellant's petition. *See Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423, 426 (1997) (holding that pursuant to the "prisoner mailbox rule," direct appeals filed by *pro se* appellants are deemed filed on the date that the prisoner deposits the appeal with prison authorities or places it in a prison mailbox).

Before the PCRA court could rule on Appellant's motion for reconsideration,[1] he filed a timely *pro se* notice of appeal with this Court.[2] Appellant was directed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied. In his concise statement, Appellant presented the same three issues that he raises herein. Those claims are as follows:

A. [Did] [t]he PCRA court err[ ] by failing to conduct an evidentiary hearing on Appellant's claims and grant the requested relief[?]

B. [Did] [t]he PCRA court violate[ ] Appellant's due process and equal protection rights when the court failed to consider government interference that occurred in the filling of his timely objection to the court's [Rule] 907 notice[?]

C. Whether Appellant is entitled to a remand for an evidentiary hearing on his newly discovered evidence, based on the affidavit of William Wallace, Jr.[?]

Appellant's Brief at 4.

▮▮▮ Before assessing Appellant's arguments, we note that:

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with

---

1. The PCRA court ultimately entered an order on August 15, 2012, denying that motion.

2. Appellant's notice of appeal was not docketed until July 31, 2012. However, the envelope in which Appellant mailed the notice of appeal bears a post-office stamp dated July 25, 2012. Therefore, pursuant to the prisoner mailbox rule, Appellant's notice of appeal was timely. *See Jones*, 700 A.2d at 426.

deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

*Commonwealth v. Brown,* 48 A.3d 1275, 1277 (Pa.Super.2012) (citations omitted).

In his first issue, Appellant contends that the PCRA court improperly deemed his petition untimely and denied it without a hearing. The PCRA time limitations, and exceptions thereto, are set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). That section states:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

■ To invoke one of these exceptions, the petitioner must plead it and satisfy the burden of proof. *Commonwealth v. Beasley,* 559 Pa. 604, 741 A.2d 1258, 1261–62 ·(1999). Additionally, any exception must

be raised within sixty days of the date that the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). Our Supreme Court "has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." *Commonwealth v. Ligons,* 601 Pa. 103, 971 A.2d 1125, 1164 (2009) (citing *Commonwealth v. Rienzi,* 573 Pa. 503, 827 A.2d 369, 371 (2003)).

■ Here, Appellant's conviction became final on November 16, 1998, ninety days after the Pennsylvania Supreme Court denied his petition for permission to appeal. *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens,* 718 A.2d 330, 331 (Pa.Super.1998) (under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Therefore, Appellant's *pro se* PCRA petition filed on April 26, 2012, is patently untimely.

However, Appellant contends that he meets the exception to the PCRA time-bar found in section 9545(b)(1)(iii). Appellant maintains that in *Frye* and *Lafler,* the United States Supreme Court recognized a new constitutional right to effective representation of counsel during the plea negotiation process, which Attorney Sieger violated by failing to promptly convey the Commonwealth's plea offer to Appellant. Appellant maintains that he filed his petition asserting a violation of this novel constitutional right within 60 days of the *Frye* and *Lafler* decisions and, as such, he satisfied the dictates of section 9545(b)(1)(iii) and (b)(2).

Initially, we note that after carefully reviewing Appellant's *pro se* petition, his responses to the court's Rule 907 notice, and even his motion to reconsider, we are unable to ascertain any filing where he raised this precise argument to the court below. While Appellant cited *Frye* and *Lafler* in his petition, he did so in support of his assertion that Attorney Sieger acted ineffectively by not relaying the Commonwealth's plea offer. Appellant did not argue that *Frye* and *Lafler* created a new constitutional right which excepted his claim from the timeliness requirements of the PCRA pursuant to section 9545(b)(1)(iii).

■  Nevertheless, the PCRA court interpreted Appellant's reliance on *Frye* and *Lafler* as a an "attempt to invoke [s]ubsection 9545(b)(1)(iii)." Rule 907 Notice, 6/5/12, at 2. The court concluded that Appellant's effort was "misplaced," reasoning that *Frye* "did not create a new constitutional right, but merely refined the scope of a criminal defendant's long standing constitutional right to effective assistance of counsel under *Strickland* [ ]." *Id.* Because the PCRA court liberally construed Appellant's petition as encompassing this argument, we will consider this issue as being preserved for our review.

■  We begin our assessment of the merits of Appellant's timeliness claim by acknowledging that he satisfied the 60–day requirement of section 9545(b)(2). *Frye* and *Lafler* were both decided on March 21, 2012, and Appellant filed his petition on April 26, 2012. However, we disagree with Appellant that *Frye* and *Lafler* created a new constitutional right. "The right to effective assistance of counsel during the plea bargaining process has been recognized for decades." *Commonwealth v. Lewis*, 63 A.3d 1274, 1280 (Pa.Super.2013) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that "the two-part *Strickland*, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674], test applies to challenges to guilty pleas based on the ineffective assistance of counsel"); *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) ("Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel.")). In *Frye*, the United State Supreme Court merely clarified that this well-established right *"extends* to the negotiation and consideration of plea offers that lapse or are rejected." *Frye*, 132 S.Ct. at 1404 (emphasis added). In other words, the *Frye* Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408. In determining whether counsel has satisfied this obligation, the two-part test set forth in *Strickland* applies.[3] *See id.* at 1409. In *Lafler*, the Court explained that to meet the prejudice prong of the *Strickland* test where the alleged ineffectiveness of counsel involves the defendant's rejection of a plea offer, the defendant must show,

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have ac-

---

**3.** That test requires that a defendant show that counsel (1) had no reasonable basis for their actions or inactions, and (2) the defendant suffered prejudice as a result of counsel's conduct. In Pennsylvania, our Supreme Court has added one additional component to the *Strickland* test, requiring that a defendant also prove that the underlying claim has arguable merit. *See Commonwealth v. Bennett,* 57 A.3d 1185, 1195 (Pa.2012).

cepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S.Ct. at 1385.

■ It is apparent that neither *Frye* nor *Lafler* created a new constitutional right.[4] Instead, these decisions simply applied the Sixth Amendment right to counsel, and the *Strickland* test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment. Accordingly, Appellant's reliance on *Frye* and *Lafler* in an attempt to satisfy the timeliness exception of section 9545(b)(1)(iii) is unavailing.

Appellant next contends that the court violated his "due process and equal protection rights" by failing "to consider government interference that occurred in the filing of his timely objection to the court's [Rule] 907 notice." Appellant's Brief at 15. Appellant essentially maintains that his two *pro se* responses to the court's Rule 907 notice should have been considered by the court prior to its denying his petition, as those documents were timely pursuant to the prisoner mailbox rule.

Whether the prisoner mailbox rule applied to Appellant's responses is irrelevant. It is apparent from the court's Pa.R.A.P.

1925(a) opinion that it received and evaluated those documents, albeit after it issued its order denying Appellant's petition. The court concluded that all of the claims asserted in Appellant's responses were meritless. On appeal, Appellant does not explain why the court's conclusion would have been different had it considered those filings prior to denying his petition. Thus, Appellant has not demonstrated that he was prejudiced by the court's failure to consider his responses to the Rule 907 notice prior to denying his petition.

■ Finally, Appellant alleges that his petition should have been deemed timely because he discovered "new evidence" satisfying the timeliness exception of section 9545(b)(1)(ii). Specifically, Appellant alleges that his "jail-house assistant," William Wallace, Jr., provided him with an affidavit and evidence, *i.e.* a copy of a "Disciplinary Board Report against ... [Attorney] Sieger," establishing that *after* Attorney Sieger represented Appellant, his license to practice law was suspended due to his ineffective representation of other clients. Appellant alleges that this evidence demonstrates that Attorney Sieger rendered ineffective assistance in Appellant's case. Because he raised this claim within 60 days of the date of Wallace's affidavit, Appellant contends that he satisfied the elements of sections 9545(b)(1)(ii) and (b)(2).

---

4. Numerous federal courts have reached this same conclusion. *See Hare v. United States,* 688 F.3d 878, 879 (7th Cir.2012) (holding that *Lafler* applied an "established rule"); *In re Perez,* 682 F.3d 930, 932 (11th Cir.2012) (holding *Lafler* was merely an application of the Sixth Amendment right to counsel); *Buenrostro v. U.S.,* 697 F.3d 1137 (9th Cir. 2012) (holding that in both *Frye* and *Lafler,* the Supreme Court "merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland* ... and established in the plea-bargaining context in *Hill* "); *In re King,* 697 F.3d 1189, 1189 (5th Cir.2012) (stating "[*Lafler* ] and *Frye* do not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context"); *U.S. v. Denson,* 2013 WL 588509 (W.D.Pa.2013) ("*Frye* and *Lafler* do not create 'new' rights, but merely apply existing standards to different factual situations"); *Brown v. Kerestes,* 2013 WL 444672 (E.D.Pa.2013) (finding the reasoning of the Seventh Circuit persuasive and agreeing that *Frye* and *Lafler* do not create a new constitutional right).

The record indicates that this assertion was first presented in Appellant's second *pro se* response to the PCRA court's Rule 907 notice, filed on July 6, 2012, after the court had already dismissed Appellant's petition, and after the June 25, 2012, deadline for responding to the court's Rule 907 notice. The certified record contains no evidence demonstrating when Appellant deposited that document with the prison authorities and, thus, we cannot determine if the prisoner mailbox rule applies to this otherwise untimely filing. Consequently, Appellant's after discovered evidence assertion is not preserved for our review.

Nevertheless, the PCRA court evaluated this argument in its Rule 1925(a) opinion and concluded that it is meritless. The court reasoned:

> [A]ppellant's newly discovered evidence pertains to disciplinary proceedings involving trial counsel which resulted in counsel's suspension in 2001. However, the documents attached to the "Petitioner's Supplemental Objection to the Court's June 5, 2012 Order ..." demonstrate the untimeliness of the current petition. Attached is an article in the *Morning Call* dated June 7, 2001 entitled "Court suspends Allentown lawyer for missing deadlines." The body of the article refers to trial counsel, [Attorney] Sieger, and his suspension for "missing deadlines in three personal injury cases." [ ] [A]ppellant also attached both a copy of the Supreme Court Suspension Order and the Report and Recommendations of The Disciplinary Board of The Supreme Court of Pennsylvania. A true and correct copy of those documents are attached to this Opinion.
>
> The recent decision by the Supreme Court in *Commonwealth v. Lopez,* [616 Pa. 570, 51 A.3d 195 (2012),] is dispositive of [A]ppellant's case. In that case,

like the within case, "[i]nformation related to trial counsel's disciplinary issues was publicly available for years.... As these facts were easily discoverable and in the public record for longer than 60 days before this petition was filed, the petition is time-barred...." *Id.* at [196]. Chief Justice Castille, in his concurring statement, points out that for purposes of the PCRA time-bar, the mere discovery of trial counsel's disciplinary proceedings which were publicly disseminated years earlier will not be considered "facts unknowable" to the appellant. *Id.* at [198]. *See also Commonwealth v. Chester* [586 Pa. 468], 895 A.2d 520, 523 (Pa.2006) (Trial counsel's arrest is not unknown to a PCRA petitioner when the information was a matter of public record). Furthermore, courts have consistently held that a counsel's suspension does not require a *per se* finding of ineffectiveness. *Commonwealth v. Allen,* [48 A.3d 1283, 1287 (Pa.Super.2012)]. Here, counsel's suspension did not relate to the within case and [ ] [A]ppellant is unable to demonstrate "actual prejudice." *Id.* [at 1288].

PCRA Court Opinion, 9/7/12, at 5–6.

■ After reviewing the cases on which the PCRA court relies, we agree with the court's rationale for rejecting Appellant's after discovered evidence argument. Therefore, even if Appellant had preserved this claim for our review, it would not entitle him to post conviction relief.

Order affirmed.