J-S75023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STARKSY IVEY | |
| Appellant | No. 715 EDA 2014 |

Appeal from the PCRA Order January 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1204871-1998

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

JUDGMENT ORDER BY MUNDY, J.:                **FILED DECEMBER 05, 2014**

Appellant, Starksy Ivey, appeals *pro se* from the January 17, 2014 order dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On February 22, 2000, Appellant pled guilty to one count each of murder and possession of an instrument of a crime (PIC).[1]  After a degree-of-guilt hearing, the trial court found Appellant guilty of first-degree murder[2] and PIC.  On April 28, 2000, the trial court imposed an aggregate sentence

---

[1] 18 Pa.C.S.A. §§ 2501 and 907, respectively.

[2] 18 Pa.C.S.A. § 2502(a).

of life imprisonment. On February 15, 2002, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Ivey***, 797 A.2d 1023 (Pa. Super. 2002) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court. As a result, his judgment of sentence became final on March 18, 2002, when the filing period for such a petition expired.[3] ***See generally*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Thereafter, Appellant filed unsuccessful PCRA petitions in 2003 and 2009. Appellant filed the instant petition on April 4, 2012. On January 17, 2014, the PCRA court dismissed Appellant's PCRA petition. On February 6, 2014, Appellant filed a timely notice of appeal.

As noted above, Appellant filed the instant PCRA petition on April 4, 2012. Therefore, it was patently untimely because it was not filed within one year of Appellant's judgment of sentence becoming final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). However, Appellant argues that the United States Supreme Court's decisions in ***Missouri v. Frye***, 132 S. Ct. 1399 (2012), and ***Lafler v. Cooper***, 132 S. Ct. 1376 (2012), satisfy the new constitutional right exception to the PCRA time-bar. Appellant's Brief at 11; ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(iii). This Court has recently concluded that ***Frye*** and

---

[3] We observe that the 30th day fell on Sunday, March 17, 2002. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely *allocatur* petition was Monday, March 18, 2002.

***Lafler*** do not satisfy Section 9545(b)(1)(iii). ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1277 (Pa. Super. 2013).

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's petition as untimely. Accordingly, the PCRA court's January 17, 2014 order is affirmed.

Order affirmed.

Judge Lazarus did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2014

- 3 -