J-S18037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL DAVID HAWKINS | |
| Appellant | No. 2174 EDA 2014 |

Appeal from the PCRA Order July 16, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004684-2009
CP-39-CR-0004799-2009
CP-39-CR-0005242-2009

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 15, 2015**

Appellant, Daniel David Hawkins, appeals *pro se* from the July 16, 2014 order dismissing, as untimely, his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On January 13, 2011, Appellant pled guilty to voluntary manslaughter at docket number CR-39-CR-0004684-2009; manufacture of a controlled substance and possession with intent to deliver at docket number CP-39-CR-0004799-2009; and four counts of endangering the welfare of a

child at docket number CR-39-CR-0005242-2009.[1]  On the same day, the trial court imposed an aggregate judgment of sentence of nine to twenty years' imprisonment in a state correctional institution.  Appellant did not file a direct appeal from his judgment of sentence.  Therefore, his judgment of sentence became final on February 14, 2011, when the filing period for a notice of appeal to this Court expired.  ***See generally*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(c).[2]

Appellant filed the instant petition for PCRA relief on June 9, 2014.  As such, it is patently untimely.[3]  ***See*** 42 Pa.C.S.A. § 9545(b)(1) (stating, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[…]").  On June 24, 2014, the PCRA court issued an order notifying Appellant of its intent to dismiss Appellant's petition, pursuant to

---

[1] 18 Pa.C.S.A. § 2503(b), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. § 4304(a)(1), respectively.

[2] We observe that the 30th day fell on Saturday, February 12, 2011.  When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation."  1 Pa.C.S.A. § 1908.  As such, Appellant had until February 14, 2011 to file a timely appeal from his judgment of sentence.

[3] Appellant filed his first *pro se* petition for PCRA relief on September 18, 2012. The PCRA court dismissed Appellant's petition as untimely on February 4, 2013.  Thereafter, this Court dismissed Appellant's *pro se* appeal from the PCRA order for failure to file a brief in conformity with the Rules of Appellate Procedure.  ***Commonwealth v. Hawkins***, 87 A.3d 895 (Pa. Super. 2013) (unpublished judgment order).

Pennsylvania Rule of Criminal Procedure 907. PCRA Court Order, 6/24/14, at 1-2. Appellant filed a response to the PCRA's court order on July 10, 2014, and the PCRA court dismissed Appellant's petition without a hearing on July 16, 2014. Appellant filed his timely *pro se* notice of appeal on July 24, 2014.[4]

On appeal, Appellant raises the following issue for our review.

> Was not the sentence imposed against the Guidelines following the [Merger] and Counts Combined, totaling into a concurrent, as Opposed to a Consecutive. Followed by the Timeliness of Filing the Second subsequent (PCRA)[?]

Appellant's Brief at 3 (bracket and capitalization in original).[5]

We adhere to the following standard of review when presented with a challenge to the denial of a PCRA petition.

---

[4] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[5] We note that Appellant enumerates several sub-issues following the above-quoted issue. However, all of these sub-issues raise substantive claims of error and do not address the untimeliness of Appellant's petition. Therefore, they are not properly before this Court. **See Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014) (observing the PCRA time-limits implicate the jurisdiction of a court and its power to adjudicate a controversy). Moreover, Appellant fails to develop the additional claims in his argument section of his brief with any pertinent discussion or citations. **See generally** Appellant's Brief at 9-12. As such, were we able to review these issues, we would conclude they are waived. **See** Pa.R.A.P. 2119; **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (observing that when defects in a brief impede meaningful review on appeal, this Court may dismiss the appeal in its entirety or find such unreviewable issues waived), *appeal denied*, 940 A.2d 362 (Pa. 2008).

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013) (citation omitted). We also note that the "PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy." ***Ali***, ***supra***. Moreover, only by operation of one of the enumerated exceptions at Section 9545(b) can the time-period for the filing of a PCRA be extended, as it is not subject to the doctrine of equitable tolling. ***Id.***; ***accord*** 42 Pa.C.S.A. § 9545(b)(1).

Instantly, Appellant seeks to overcome the untimeliness of his petition by arguing the time bar exception at Section 9545(b)(1)(ii). Appellant's Brief at 9. Section 9545(b)(1)(ii) provides as follows.

### § 9545. Jurisdiction and Proceedings

…

**(b) Time for filing petition.--**

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> …

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; []

…

42 Pa.C.S.A. § 9545(b)(1)(ii). A petitioner seeking to invoke an exception to the one-year filing period must present such claim "within sixty days of the date the claim first could have been presented." ***Commonwealth v. Brown***, --- A.3d ---, 2015 WL 500891, at *4 (Pa. Super. 2015). In order to meet this exception, a petitioner is required to exercise due diligence, which demands a petitioner take reasonable steps in protecting his interests. ***Id.*** Furthermore, "[a] petitioner must explain why he could not have learned the new facts(s) earlier with the exercise of due diligence." ***Id.*** (citations omitted). We strictly enforce this obligation. ***Id.***

Appellant attempts to invoke the time-bar exception at Section 9545(b)(1)(ii) by arguing , "[c]ounsel abandoned [Appellant] by way of failing to file [p]ost[-]sentence [m]otion(s), and [c]ollaterally attacking the consecutive sentence(s), imposed. This fact alone become [sic] to the attention of [A]ppellant, and [t]herefore[,] [A]ppellant filed the [s]econd subsequent [PCRA] petition" within the sixty-day time period for filing the claim. Appellant's Brief at 11. Appellant adds, "[s]uch an infirmity was compounded when [c]ounsel abandoned Appellant." ***Id.*** In liberally construing Appellant's brief, we read Appellant's argument to aver that

Appellant was unaware of alleged errors regarding his sentence and his counsel's failure to file motions challenging said sentence prior to the filing of the instant, untimely petition for PCRA relief. *See id.* at 10-12; ***In re Ullman***, 995 A.2d 1207, 1211-1212 (Pa. Super. 2010) (observing that this Court is willing to liberally construe *pro se* materials but cautioning *pro se* status does not confer upon an appellant a special benefit), *appeal denied*, 20 A.3d 489 (Pa. 2011).. Further, Appellant contends he filed the instant petition within sixty days of learning of these alleged errors, and the newly-discovered evidence exception applies permitting the PCRA court to review the merits of his petition. ***See id.*** In addressing Appellant's claims regarding his sentence and trial counsel, the PCRA court found the following.

> The [A]ppellant was sentenced on January 13, 2011, and the transcript from the guilty plea and sentence reflects his acknowledgment that he understood the sentence and that it complied with the plea agreement. Not only are his assertions <u>not</u> unknown facts, but waiting twenty months (20) to file his first PCRA petition, and forty (40) months to file his second PCRA petition, does not constitute due diligence. The [n]otes of [t]estimony were filed on May 26, 2011, and so [] [A]ppellant's effort to comply with due diligence requirement was at best meager. Additionally, even if [] [A]ppellant discovered what he believes were sentencing errors, he still failed to file his PCRA petition within the sixty (60) day time frame as required by § 9545(b)(2). Therefore, this [c]ourt has no power to address the merits of the PCRA petition.
>
> [] [A]ppellant also attempts to merge claims of ineffectiveness of counsel to avoid the jurisdictional hurdles. This attempt is unavailing because a claim of ineffective assistance of counsel does not save an

> otherwise untimely petition for review on the merits.… In that regard, [A]ppellant's claim that counsel was ineffective for not objecting to the imposition of sentence does not provide an exception to the time-bar…

PCRA Court Opinion, 8/13/14, at 5-6 (citations and footnotes omitted).

We conclude the PCRA court's findings are supported by the evidence of record and free of legal error. *See Feliciano*, *supra*. Moreover, Appellant has failed to persuade this Court that he is entitled to relief. *See id.* As noted, Appellant's judgment of sentence became final on February 14, 2011, and Appellant filed the instant petition on June 9, 2014. The record belies Appellant's claims surrounding his knowledge of his sentence, and Appellant has failed to proffer any explanation as to why, in the exercise of due diligence, he could not have learned of any alleged sentencing errors and claims regarding counsel's effectiveness within the time-frame prescribed by the PCRA. *See generally* Appellant's Petition for Post Conviction Collateral Relief, 6/9/14, at 1-4; Appellant's Brief at 1-12. Moreover, Appellant, in his petition, does not raise a claim vis-à-vis abandonment of counsel. *See* Appellant's Petition for Post Conviction Collateral Relief, 6/9/14, at 1-4. Accordingly, we would conclude any such claim is waived.[6] *See Commonwealth v. Roney*, 79 A.3d 595, 612 (Pa.

_____

[6] Appellant further does not develop this claim in any meaningful fashion or instruct this Court to which counsel he is referring in his appellate brief. As such, meaningful appellate review of this claim would be precluded, and
*(Footnote Continued Next Page)*

2013) (observing Appellant waived claim on appeal for failure to raise it before the PCRA court).

Based on the foregoing discussion, we conclude the PCRA court properly dismissed Appellant's second PCRA petition as untimely, as Appellant has failed to meet a time bar exception permitting review of the merits of his claims. **See Feliciano**, **supra**. Therefore, the July 16, 2014 PCRA court's order is affirmed.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2015

_(Footnote Continued)_ ————————————

were this issue properly before us, we could find the issue waived on this basis as well. **See Hardy**, **supra**.