J-S43024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AUBREY TOWNSVILLE | |
| Appellant | No. 2748 EDA 2014 |

Appeal from the PCRA Order September 16, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0306661-1998

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 20, 2015**

Appellant, Aubrey Townsville, appeals *pro se* from the order dismissing as untimely his petition pursuant to the Post Conviction Relief Act ("PCRA"). As the PCRA court correctly observed that Townsville failed to establish the application of an exemption to the PCRA's jurisdictional time-bar, we affirm.

On January 25, 1999, Townsville was sentenced to an aggregate term of imprisonment of fifteen to thirty years after being convicted of aggravated assault, terroristic threats, false imprisonment, and unlawful restraint. After this Court affirmed his judgment of sentence on October 25, 2002, Townsville filed a timely first PCRA petition in July 2003. That petition was ultimately denied for lack of merit.

On April 23, 2012, Townsville filed his second PCRA petition, which forms the basis of this appeal. In his petition, Townsville conceded that the

petition was facially untimely, but argued that it qualified for a time-bar exception. The PCRA court reviewed the petition, concluded that Townsville had failed to establish that the exception applied, and dismissed the petition. This timely appeal followed.

On appeal, Townsville once again concedes that his petition was facially untimely. But he claims that the petition qualifies for the timeliness exception provided at 42 Pa.C.S.A. § 9545(b)(1)(iii) as he alleged that the Supreme Court of the United States recognized a new constitutional right to effective assistance of counsel in negotiating a plea in *Lafler v. Cooper*, 132 S.Ct. 1367 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (2012). However, this Court has held that *Frye* and *Lafler* did not create a new a constitutional right sufficient to qualify for the exception contained in subsection (iii). *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1277 (Pa. Super. 2013). Thus, the PCRA court correctly dismissed Townsville's petition.[1]

Order affirmed.

---

[1] Townsville also argues on appeal that his family's discovery of a plea offer presented by the Commonwealth, allowing for a four to ten year sentence, attached to the Notes of Testimony, supports his effort to avoid the time-bar. However, this allegation does not meaningfully distinguish this case from *Feliciano*. *See Feliciano*, 69 A.3d at 1273.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/20/2015</u>