J-S32028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYRELL JAMAR JONES | |
| Appellant | No. 2813 EDA 2015 |

Appeal from the PCRA Order August 11, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004523-2007

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                       **FILED JUNE 09, 2016**

Appellant, Tyrell Jamar Jones, appeals *nunc pro tunc* from the August 11, 2015 order denying his first petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We summarize the facts and procedural history of this case as follows. On January 14, 2010, a jury convicted Appellant of second-degree murder, third-degree murder, robbery, and criminal conspiracy for his role in a July 8, 2007 murder-robbery.[1]  PCRA Court Opinion, 8/7/15, at 1.[2]  On April 5,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 2502(c), 3701(a)(1), and 903(a)(1), respectively.

[2] We note that the PCRA court's opinion does not contain pagination.  For ease of review, we have assigned each page a corresponding page number.

2010, the trial court imposed an aggregate judgment of sentence of life imprisonment.[3]    On November 2, 2011, this Court affirmed Appellant's convictions, and our Supreme Court denied Appellant's petition for allowance of appeal on April 26, 2013.  *See Commonwealth v. Jones*, 38 A.3d 911 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 67 A.3d 794 (Pa. 2013).  Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.

On July 2, 2014, Appellant timely filed his first, *pro se* PCRA petition.[4] Counsel was appointed, and on April 7, 2015, counsel filed an amended PCRA petition.  On May 28, 2015, the PCRA court held an evidentiary hearing.  Thereafter, on August 11, 2015, the PCRA court denied the PCRA petition.  The PCRA court served notice of its August 11, 2015 order on the district attorney and Appellant, but did not give notice to Appellant's counsel.  On September 17, 2015, with the Commonwealth's stipulation, the PCRA court granted Appellant permission to file a notice of appeal *nunc pro*

---

[3] Specifically, the trial court sentenced Appellant to life in prison on the second-degree murder conviction, five to ten years' imprisonment for robbery, and five to ten years' for criminal conspiracy.  The trial court did not impose a sentence for the third-degree murder conviction.  All the sentences are concurrent.

[4] Appellant's sentence became final on July 25, 2013, when his time to file a petition for a writ of *certiorari* expired.  *See generally* 42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13(1).

*tunc* because it did not provide Appellant's counsel with notice.[5] That same day, Appellant filed a timely notice of appeal *nunc pro tunc*.[6]

On appeal, Appellant presents the following two issues for our review.

1. [Whether] [t]rial counsel was ineffective for failing to object to the trial judge's charge to the jury on the defense of duress which was erroneous because the judge told the jury that "if the evidence matches up with the elements of the offense … you should find him guilty … If they do line[ ]up and you find duress, he again, is guilty[?]

2. Trial counsel was ineffective for failing to object to an incorrect response by the trial judge to a question by the jury asking to define duress, because the judge told them that if duress is found the jury *may* find [Appellant] not guilty.

---

[5] "Generally, an appellate court cannot extend the time for filing an appeal." ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008). "Nonetheless, this general rule does not affect the power of the courts to grant [*nunc pro tunc*] relief in the case of fraud or breakdown in the processes of the court." ***Id.*** A "breakdown" can occur when the trial court departs from the obligations specified in the Pennsylvania Rules of Criminal Procedure. ***Id.*** Under Pennsylvania Rule of Criminal Procedure 908, the PCRA court must serve an order denying a PCRA petition as specified in Rule 114. Pa.R.Crim.P. 908(D)(1). Rule 114 provides that "[a] copy of any order … promptly shall be served on each party's attorney[.]" ***Id.*** at 114(B)(1). Here, the PCRA court explained that it granted Appellant the right to file a notice of appeal *nunc pro tunc* because it did not serve Appellant's counsel with the order denying the PCRA petition. PCRA Court Opinion, 11/13/15, at 1. The record confirms that the PCRA court did not serve a copy of the order denying Appellant's PCRA petition on Appellant's counsel. Accordingly, a *nunc pro tunc* appeal is warranted due to the breakdown in the process of the court, and we will address the merits of Appellant's issues on appeal.

[6] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 3 -

> [Whether] [t]he judge should have instructed the jury that if duress is found, then they *must* find [Appellant] not guilty[?]

Appellant's Brief at 2 (emphasis in original).

We review an appeal from the denial of PCRA relief according to the following principles.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013) (citation omitted).

> [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Medina***, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, 105 A.3d 658 (Pa. 2014). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). These errors

include ineffectiveness of counsel. ***Id.*** § 9543(a)(2)(ii). The issues raised in a PCRA petition must be neither previously litigated nor waived. ***Id.*** § 9543(a)(3).

In his PCRA petition, Appellant alleges ineffective assistance of trial counsel in not objecting to two portions of the trial court's jury instructions. When reviewing a claim of ineffectiveness, we apply the following test, first articulated by our Supreme Court in ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

> [C]ourts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

***Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013) (citations and internal quotation marks omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." ***Commonwealth v. Birdsong***, 24 A.3d 319, 329 (Pa. 2011).

Appellant asserts that his trial counsel was ineffective for failing to object to two jury instructions. Our standard of review of a trial court's jury instructions is as follows.

> [T]his Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that [] a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014). Moreover, "[t]he law presumes that the jury will follow the instructions of the court." *Commonwealth v. Brown*, 786 A.2d 961, 971 (Pa. 2001) (citation omitted), *cert. denied*, *Brown v. Pennsylvania*, 537 U.S. 1187 (2003).

In Appellant's first issue, he contends counsel was ineffective for failing to object to the trial court's erroneous instruction to the jury on his duress defense. Appellant's Brief at 6. Specifically, Appellant contends that the trial court's closing instruction on duress was a misstatement of the law. *Id.* After giving all of its charges, including other duress instructions that Appellant does not challenge, the trial court explained, "[i]f the evidence matches up with the elements of the offense, the defendant is no longer presumed innocent, you should find him guilty. If they do not line up, then

he must be found not guilty. If they do line up and you find duress, he, again, is guilty." N.T., 1/14/10 (vol. 1), at 103.

Appellant asserts that this instruction was an error of law because duress is a complete defense. Appellant's Brief at 6. Thus, the trial court should have instructed the jury that if it found duress, it must find Appellant not guilty. *Id.* Further, Appellant contends that the instruction was inconsistent with the other duress instructions and "could reasonably have caused confusion by the jury when examining the duress defense which was critical to [] Appellant's overall defense strategy." *Id.* at 7.

As our standard of review directs, we must look at the trial court's instructions on duress as a whole. *Antidormi*, *supra*. Before giving the instruction that Appellant complains of, the trial court provided numerous charges to the jury that duress was a complete defense to the crimes. The trial court prefaced its instructions on the elements of the crimes by stating, "I'm going to talk about the general legal principles but have constant in your mind that the defendant's position is that the defense of duress is there and he is not responsible for any of these crimes which I'll discuss with you." N.T., 1/14/10 (vol. 1), at 75-76; *see also id.* at 79-80, 82-83. Further, the trial court provided a detailed charge on duress, in part, as follows.

> Now, the defendant does not deny that he was there. And the defendant says yes, I was there. But the defendant says to you I was there only as a result of the threat that Mr. Bermudez made to me and to my family. So what you're looking for in the law is responsibility of a person who was

- 7 -

intentionally, knowingly or recklessly doing some kind of activity because obviously, we're responsible for our activity.

Conversely, if someone is compelled to do something that they would not have otherwise done and they didn't have any means to avoid that compulsion, then the law is not going to hold them criminally responsible because they are not acting of their own will, they are acting under duress. So there are certain things that have to be established here to accomplish the defense of duress.

Duress is a defense to all of those charges. If a defendant committed the acts otherwise instituting [sic] the crime but did so under duress, he may not be found guilty of that crime. So you can find that all of those crimes occurred. But if you find that he acted under duress even though you find the offenses have been proven beyond a reasonable doubt, if he acted under duress he is not responsible for those crimes.

…

So you have to go back and ask yourself the defense has been raised of duress, has the Commonwealth disproven that defense beyond a reasonable doubt. If they have disproven it and you find the defendant guilty of the other offenses beyond a reasonable doubt, you should go ahead and convict him. If you find all of the crimes have been committed but you find that the defendant was only involved as a result of duress then, of course, you can't find him guilty. You must find him not guilty.

*Id.* at 91-92, 96. After a sidebar, the trial court restated its instructions and again reminded the jury that if "[t]he defendant says he acted under duress, [he is] not liable. You can find him [not liable of] all of those offenses committed [] because he acted under duress. And that is a person under his

circumstances given the information available, did he act reasonably or not. That is the duress." *Id.* at 98. The trial court concluded with the summation that, that "[i]f the evidence matches up with the elements of the offense, the defendant is no longer presumed innocent, you should find him guilty. If they do not line up, then he must be found not guilty. If they do line up and you find duress, he, again, is guilty." *Id.* at 103.

We agree with Appellant that the final sentence is a misstatement of the law. The trial court should have said "not guilty" instead of "guilty."[7] However, we cannot review this one statement in isolation from the rest of the jury instructions. *See Antidormi*, *supra*. When we view the instructions as a whole, we conclude that this one misstatement is not prejudicial because the trial court repeatedly and extensively explained that duress was a defense to all of the crimes charged. *See Commonwealth v. Trill*, 543 A.2d 1106, 1114 (Pa. Super. 1988) (concluding that 2 misstatements of the law in over 31 pages of jury charges are not prejudicial because the trial court correctly recited the law in other portions of the

_____

[7] In its opinion, the PCRA judge, who was also the trial judge, maintains that he actually said "not guilty" to the jury. PCRA Court Opinion, 8/7/15, at 2. Similarly, at the PCRA hearing, trial counsel testified that he did not have an independent recollection of the duress instructions, but he would have objected if he heard the trial court state that Appellant was guilty if the jury found duress. N.T., 5/28/15, at 18. However, the parties stipulated that if the court reporter had testified at the PCRA hearing, she would have said that the transcript accurately reflected her notes taken during trial. *Id.* at 5. Given our disposition of Appellant's first issue, we need not address whether the transcript accurately reflects the trial court's instructions.

colloquy and "[i]t would be fatuous to require a trial judge to perform such a lengthy charge flawlessly on each attempt[]"), *appeal denied*, 562 A.2d 826 (Pa. 1989).

Even if we were to agree that the misstatement was somehow more significant because it was the last statement before the jury began deliberating, the trial court later cured its mistake. During its deliberations, the jury asked the trial court for a written version of the charges. N.T., 1/14/10 (vol. 2), at 4. The trial court explained that it could not provide written charges, but it orally re-issued its charges. *Id.* at 4-5. The trial court explained duress as follows.

> Duress is a defense to a criminal charge or charges and the defense says it's a defense to each and every one of those charges. If a defendant commits the act otherwise constituting the crimes that I just discussed but did so under duress, he may not be found guilty of those crimes or any one of those crimes and it's a duress analysis as to each one of the offenses.
>
> …
>
> If you find that the defense of duress has been properly raised, then it is the Commonwealth's burden to disprove duress by proof beyond a reasonable doubt.

*Id.* at 14, 16-17. This instruction cured the trial court's earlier misstatement by clarifying that if the jury found Appellant committed the offenses under duress, Appellant was not guilty. Appellant did not object to the language of

- 10 -

this instruction. As the jury is presumed to follow this instruction, we find Appellant's first issue on appeal lacks merit. *See Brown*, *supra*.

In his second issue, Appellant contends that trial counsel was ineffective for failing to object to the trial court's abovementioned duress instruction, given in response to the jury's question, which stated that if the jury found duress, Appellant "may not be found guilty."[8] Appellant's Brief at 8. Appellant asserts that the proper statement of the law is that if the jury found duress, Appellant "must" not be found guilty. *Id.* However, the trial court's language mirrored the language of the Pennsylvania Suggested Standard Criminal Jury Instructions in effect at the time of the trial. We will not parse out the phrasing of the jury instruction, which comported with the suggested standard instruction. *See Commonwealth v. Towles*, 106 A.3d 591, 607 n.9 (Pa. 2014) (declining to "critique the subtleties of the language in the Pennsylvania Suggested Standard Jury Instructions" in the absence of a claim that those instructions violate the appellant's constitutional or other legal rights), *cert. denied*, *Towles v. Pennsylvania*, 135 S. Ct. 1494 (2015); *Trill*, *supra* (finding the "distinction between 'may' and 'will' … to be specious[]"). Instead, viewing the instructions as a whole, we conclude that they adequately informed the jury that if it found duress, it should find

---

[8] We note that in his Rule 1925(b) concise statement, Appellant did not specifically frame this issue as an ineffectiveness of counsel issue. However, because his PCRA petition and appellate brief adequately argue it as an ineffectiveness issue, we will address it as such.

- 11 -

Appellant not guilty. ***See Antidormi***, ***supra***. Therefore, we conclude Appellant's second issue on appeal is meritless.

Based on the foregoing, we conclude that Appellant's ineffectiveness claims lack arguable merit. ***See Michaud***, ***supra***. Accordingly, Appellant is not entitled to PCRA relief. ***See Birdsong***, ***supra***. The PCRA court's rulings are supported by the evidence of record and free of legal error. ***See Feliciano***, ***supra***. Therefore, we affirm the PCRA court's August 11, 2015 order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2016