J-S41033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN MORRIS | : | |
| | : | |
| Appellant | : | No. 1106 EDA 2025 |

Appeal from the PCRA Order Entered April 21, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003804-2016

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 13, 2026**

Calvin Morris appeals from the order dismissing his October 10, 2024 amended petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We vacate the PCRA court's April 21, 2025 order and remand with instructions.

Adjudication of Morris's petition features a tortured procedural history. As stated by this Court when we quashed a prior, erroneously taken appeal:

> Briefly, police stopped [Morris's] vehicle based on a tip and recovered a firearm. On April 28, 2017, following a bench trial, the court convicted [Morris] of several firearms violations. On July 7, 2017, the court sentenced [Morris] to an aggregate term of 4 to 8 years of incarceration, followed by 2 years of probation. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied [Morris's] petition for allowance of appeal on August 19, 2019. [*See Commonwealth v. Morris*, 216 A.3d

_____

[*] Retired Senior Judge assigned to the Superior Court.

370 (Pa. Super. 2019) (table) (2593 EDA 2017), **appeal denied**, 217 A.3d 203 (Pa. 2019) (table) (222 EAL 2019).]

[Morris] *pro se* filed a timely PCRA petition on October 11, 2019, asserting that trial counsel was ineffective for failing to litigate a motion to suppress the firearm. His appointed counsel then filed an amended petition raising the same claim on February 17, 2021. On May 13, 2021, the Commonwealth filed a motion to dismiss [Morris's] petition.

The court held an evidentiary hearing on December 3 and 16, 2021. On January 18, 2022, based on evidence adduced at the hearing, counsel filed a second amended petition asserting that trial counsel was ineffective for failing to file a motion to reveal the identity of a confidential informant and for failing to challenge the credibility of a police witness about the source of his information. The Commonwealth filed a second motion to dismiss. On April 26, 2022, the court dismissed the petition.

On May 24, 2022, [Morris] filed a [n]otice of [a]ppeal to this Court and a [statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)]. In response, the PCRA court filed a Rule 1925(a) [o]pinion asserting that it should not have dismissed the petition because "matters raised during the December 2021 evidentiary hearing, coupled with the framing of issues being raised in this appeal, caused the court to reach a different conclusion, *i.e.*, that absent counsel's failure to act, 'there is a reasonable probability that a suppression motion would have been granted' " if counsel had probed the existence of a confidential informant. **Commonwealth v. Morris**, 2023 WL 6370386 at *2, *7 (Pa. Super.[, filed] Sept. 29, 2023) (unpublished memorandum) (citation omitted). [Morris] failed to file a brief and[,] on January 19, 2023, this Court remanded the case to the PCRA court to determine if counsel had abandoned [Morris]. We retained jurisdiction. [**See**] Order (1464 EDA 2022), 1/19/23, at 1. In response, counsel filed an application for remand prior to briefing because the PCRA court no longer had jurisdiction to reverse its decision. In the alternative, [Morris] requested an extension of time to file his brief. This Court denied the application in part and set a new briefing schedule. [**See**] Order Denying Application for Remand (1464 EDA 2022), 3/16/23, at 1. [Morris] then filed his brief.

On September 29, 2023, this Court issued a memorandum in which the panel agreed with the PCRA court's "revised determination" set forth in its Rule 1925(a) [o]pinion. *Morris*, 2023 WL 6370386 at *1. After acknowledging that PCRA counsel had failed to raise a meritorious claim and could not raise his own ineffectiveness, the panel vacated the April 26, 2022 order dismissing the PCRA petition and remanded for the appointment of new PCRA counsel and further proceedings. [*See id.* at *2.]

On remand, the PCRA court appointed new counsel. Counsel then filed an amended petition erroneously claiming that this Court had dismissed the appeal filed at 1464 EDA 2022[,] and sought reinstatement of his PCRA appellate rights to challenge the April 26, 2022 [o]rder, which this Court had vacated on September 29, 2023. The PCRA court, also believing that our January 19, 2023 order dismissed the appeal for failure to file a brief, reinstated [Morris's] PCRA appeal rights *nunc pro tunc.* [**See**] PCRA Ct. Op., 12/13/23, at 2. [Morris] then filed a new notice of appeal on December 11, 2023, [challenging] the court's April 26, 2022 dismissal of his PCRA petition.

*Commonwealth v. Morris*, 2024 WL 3858748 at *1-2 (Pa. Super., filed Aug. 19, 2024) (unpublished memorandum) (footnotes and brief citation omitted).

Ultimately, because of new counsel's missteps, *see id.* at *2 ("[C]ounsel requested, and the trial court erroneously granted, the reinstatement of [Morris's] appeal rights to challenge an order that no longer exists due to our September 29, 2023 vacatur[.]"), we concluded that the 2024 appeal required quashal. We indicated that new counsel should have, instead, "raised a claim of ineffective assistance of PCRA counsel for failing to raise a claim that trial counsel provided ineffective assistance for failing to probe the existence of a confidential informant." *Id.*

Upon quashal, counsel filed the present amended PCRA petition.[1] However, in the intervening timeframe, Morris was released on parole. On December 13, 2024, Morris's counsel indicated that his client was not physically present on that date, but that counsel has sent "multiple letters to the address that [he had] on file." N.T. PCRA Listing, 12/13/24, at 4.[2] Counsel additionally stated that he would obtain "an investigator to find him because [he had] not been able to contact him." *Id.* at 4-5. The court later stated that, consistent with, *inter alia*, its interpretation of this Court's directive in its 2023 memorandum remanding the matter, it was required to hold an evidentiary hearing and that Morris's physical presence was needed. *See id.* at 10. Morris's counsel then reiterated that he would "get an investigator to serve [his] client[.]" *Id.* at 11.

At the subsequently scheduled hearing, on January 17, 2025, counsel conveyed to the court that he had been "unable to contact [Morris] since he

_____

[1] Therein, it asserted that, leading to Morris's original traffic stop in which police officers followed a tip, "[t]he police paperwork submitted through discovery was falsified in relation to the anonymous tip/confidential informant distinction." Amended PCRA Petition, 10/10/24, at 8. Accordingly, "either the gun should have been excluded based upon the unreliability of an anonymous tip or because the police purposefully falsified information that was conveyed through discovery." *Id.*

[2] Although there appears to have been ambiguity as to the precise purpose of this December 13, 2024 in-court proceeding, the Commonwealth indicated that it needed more time to respond to Morris's amended PCRA petition. *See* N.T. PCRA Listing, 12/13/24, at 4.

has been out [on parole]." N.T. PCRA Listing, 1/17/25, at 4. Counsel had "contacted [Morris's] parole agent several times[, but] she [had not] gotten back to [counsel]." *Id.* at 5. Counsel was unaware if Morris lived "at the same address [that he had on file,]" and mentioned that there was "only one investigator for indigent defendants." *Id.* Counsel had not "been able to serve [Morris] with notice[.]" *Id.* Although counsel sought postponement of proceedings to yet another date,[3] the court indicated it would "issue a [Rule] 907 [dismissal notice]." *Id.* at 6.

The court formally issued, via regular mail, its notice of intent to dismiss Morris's petition pursuant to Pennsylvania Rule of Criminal Procedure 907 on March 11, 2025. Then, on April 21, 2025, the court ordered dismissal of the same. Morris timely appealed this decision.

On appeal, Morris exclusively contends that the court erred by denying counsel's continuance request, given that Morris was unlocatable. *See* Appellant's Brief at 4.

As in all cases denying PCRA relief, we must determine whether the record supports the PCRA court's findings of fact and whether its legal conclusions are free of error. *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1274-75 (Pa. Super. 2013). We review the PCRA court's legal

---

[3] Counsel also indicated that Morris's prior counsel and relevant witness, Benjamin Cooper, Esquire, was unavailable on this January 17, 2025 date "or the rest of the subsequent dates." N.T. PCRA Listing, 12/13/24, at 6-7.

conclusions *de novo*. ***See Commonwealth v. Medina***, 92 A.3d 1210, 1215 (Pa. Super. 2014) (*en banc*), *appeal dismissed*, 140 A.3d 675 (Pa. 2016).

Pennsylvania Rule of Criminal Procedure 908(C) establishes that, when a hearing is ordered, "[t]he judge *shall* permit the defendant to appear in person at the hearing[.]" Pa.R.Crim.P. 908(C) (emphasis added).

The Commonwealth concedes that Morris has "a rule-based right to appear, in person, at his PCRA hearings[.]" Commonwealth's Brief at 8. It requests this court to remand this matter "for the limited purpose of determining whether [Morris] ever received notice of the hearings at which he failed to appear." ***Id.*** Although this Court's decision in ***Morris***, 2023 WL 6370386, does not explicitly order an evidentiary hearing, the PCRA court, on December 13, 2024, expressly found one to be necessary. ***See*** N.T. PCRA Listing, 12/13/24, at 4.

> As stated by the Commonwealth in support of remand,
>
> the current record [] is unclear as to whether [Morris's] failure to appear at the ordered hearing [on January 17, 2025,] was voluntary or the result of lack of notice, and [furthermore,] PCRA counsel is in the unique position of being able to testify to the extent of his continued attempts to serve [him] with notice on the status of this appeal[.]

Commonwealth's Brief at 10. We are inclined to agree that, given his rule-based right to attend the ordered hearing and the various hurdles that counsel has heretofore experienced in trying to make contact with Morris, a remand is necessary to ascertain whether, in fact, Morris received legally sufficient notice so as to, in effect, waive his right to appear.

Order vacated. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/13/2026