J-A21029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAUL COLON | |
| Appellant | No. 3613 EDA 2014 |

Appeal from the PCRA Order November 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0202931-2003

BEFORE:  ALLEN, J., MUNDY, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY MUNDY, J.:                **FILED JULY 15, 2015**

Appellant, Raul Colon, appeals *pro se* from the November 24, 2014 order dismissing, as untimely, his third petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On June 25, 2003, the trial court imposed an aggregate sentence of 20 to 40 years' imprisonment, after Appellant pled guilty to two counts of attempted murder, and one count of carrying a firearm without a license.[1] Appellant filed a timely notice of appeal, but later withdrew said appeal on September 12, 2003.  As a result, Appellant's judgment of sentence became

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a) and 6106(a)(1), respectively.

final on that same day. ***See generally*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until September 12, 2004 to timely file a PCRA petition.[2] ***See generally id.*** § 9545(b)(1). Appellant filed the instant petition on June 29, 2012. Consequently, it was patently untimely.

Moreover, we have reviewed Appellant's brief, and therein, Appellant does not explicitly argue that one of the three enumerated time-bar exceptions applies. To the extent Appellant's brief could be construed as arguing that the United States Supreme Court's decisions in ***Missouri v. Frye***, 132 S. Ct. 1399 (2012), and ***Lafler v. Cooper***, 132 S. Ct. 1376 (2012), satisfy the new constitutional right exception to the PCRA time-bar, this Court has rejected those arguments. ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1277 (Pa. Super. 2013). Therefore, the PCRA court was without jurisdiction to address the merits of Appellant's petition.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely filed. Accordingly, the PCRA court's November 24, 2014 order is affirmed.

Order affirmed.

---

[2] Appellant timely filed his first PCRA petition on February 19, 2004, which the PCRA court denied on April 12, 2005. This Court affirmed that order on February 1, 2007. ***Commonwealth v. Colon***, 919 A.2d 969 (Pa. Super. 2007) (unpublished memorandum). Appellant did not file a petition for allowance of appeal in our Supreme Court. Appellant filed his second PCRA petition on May 27, 2009, and the PCRA court dismissed the same, as untimely, on January 8, 2010. Appellant did not file a notice of appeal to this Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2015