J-S50020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEONARD GEORDLEY ANGLADE | |
| Appellant | No. 3482 EDA 2014 |

Appeal from the PCRA Order November 13, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000103-2012

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED NOVEMBER 10, 2015**

Appellant, Leonard Geordley Anglade, appeals from the November 13, 2014 order denying his amended petition filed pursuant to the Post Conviction Relief Act, (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The trial court summarized the procedural history of this case as follows.

> On September 30, 2011, [Appellant] was arrested and charged with: Rape by Forcible Compulsion ("Rape") (18 Pa.C.S.A. § 3121(a)(1)); Involuntary Deviate Sexual Intercourse by Forcible Compulsion ("IDSI") (18 Pa.C.S.A. § 3123(a)(1)); Aggravated Indecent Assault (18 Pa.C.S.A. § 3125(a)(1), (4)); Indecent Assault (18 Pa.C.S.A. § 3126(a)(1), (2), (4)); Burglary (18 Pa.C.S.A. § 3502(a)); Criminal Trespass (18 Pa.C.S.A. § 3503(a)(1)(i)); and Sexual Assault (18 Pa.C.S.A. § 3124.1).  [Appellant] pled guilty to all charges on January 17, 2012.  However,

on [July 30, 2012], [Appellant] withdrew his guilty plea and proceeded to trial. The Commonwealth withdrew all but five charges: Rape, IDSI, Aggravated Indecent Assault, Criminal Trespass, and Sexual Assault.

A jury trial began on November 26, 2012, with the Honorable Ronald C. Nagle presiding. Private counsel, Scott Lawrence Kramer, Esq., represented [Appellant] at trial. After three days of hearing evidence and argument, the jury found [Appellant] guilty of Rape, IDSI, Criminal Trespass, and Sexual Assault. The jury found [Appellant] not guilty of Aggravated indecent Assault.

On February 15, 2013, Judge Nagle sentenced [Appellant] to a term of 58 to 116 months of incarceration on the Rape [] and a term of 2 to 4 years of incarceration on the Criminal Trespass [] to run concurrent to the Rape sentence. On February 21, 2013, Mr. Kramer filed a Motion for Post-Sentence Relief pursuant to Pa.R.Crim.P. 720(B). On February 26, 2013, the trial court scheduled a hearing. However, before the hearing took place, [Appellant's] counsel, Mr. Kramer, filed a request to withdraw [Appellant's] Motion for Post-Sentence Relief, which was granted by Judge Nagle on May 10, 2013.

Thereafter, [Appellant] sought legal representation through the Chester County Public Defender's Office. On June 7, 2013, an Appeal to the Superior Court was filed by Mr. Nathan Schenker, Esq. and on June 10, 2013, Judge Nagle filed a Rule 1925(b) Order. On June 13, 2013, Mr. Schenker requested an extension to file his Statement of Errors Complained of on Appeal. This request was granted.

On June 20, 2013, Stewart C. Paintin, Esquire, also a Public Defender, entered his appearance for [Appellant] and on July 29, 2013, Mr. Paintin filed a

Statement of Intent to File an **Anders**/**McClendon**[1] Brief pursuant to Pa.R.A.P. 1925(c)(4). On October 17, 2013, Mr. Paintin filed a Praecipe to Withdraw the Appeal with the Superior Court.

On June 4, 2014, [Appellant] filed a *pro se* P.C.R.A. Petition. We appointed legal counsel on June 5, 2014 pursuant to Pa.R.Crim.P. 904(C). On August 26, 2014, P.C.R.A. counsel filed an Amended P.C.R.A. Petition claiming [Appellant's] appellate counsel, Stewart C. Paintin, Esq., provided ineffective assistance of counsel when he withdrew [Appellant's] direct appeal to the Superior Court without [Appellant's] knowledge or consent. In his Amended P.C.R.A. Petition, [Appellant] requested the reinstatement of his direct appeal rights *nunc pro tunc*.

On October 22, 2014, [the PCRA court] held an evidentiary hearing on [Appellant's] Amended P.C.R.A Petition. [The PCRA court] denied [Appellant's] Amended P.C.R.A. Petition and stated [its] findings of fact and reasoning in open court at the conclusion of the October 22, 2014 hearing. On November 13, 2014, [the PCRA court] filed an Order denying [Appellant] his requested relief ….

Trial Court Opinion, 1/28/15, at 1-3 (footnote omitted). Appellant filed a timely notice of appeal on December 5, 2014.[2]

On appeal, Appellant raises the following issue for our review.

Whether trial counsel was ineffective for discontinuing Appellant's appeal without authority or permission to do so after an appeal had been filed in

---

[1] **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 3 -

the Superior Court of Pennsylvania on behalf of Appellant?

Appellant's Brief at 4.

We address this issue according to the following standards.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

*Commonwealth v. Feliciano*, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013)

(citation omitted).

> [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, 105 A.3d 658 (Pa. 2014). Additionally, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. *Id.* at § 9543(a)(3).

When reviewing a claim of ineffective assistance of counsel, we apply the following test, first articulated by our Supreme Court in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 330 (Pa. 2011).

Instantly, Appellant argues that his direct appeal counsel was ineffective for withdrawing Appellant's direct appeal before this Court without Appellant's permission. Appellant's Brief at 6. Appellant insists direct appeal counsel should have followed the dictates of *Anders*, by seeking to withdraw if he believed there were no non-frivolous issues to

appeal.  ***Id.*** at 7.  Appellant maintains that by withdrawing the appeal, counsel deprived him of his absolute right to a direct appeal of his judgment of sentence.  ***Id.***  Accordingly, Appellant concludes the PCRA court erred by failing to grant him leave to file a direct appeal *nunc pro tunc*.  ***Id.***  We disagree.

Appellant acknowledges that "[t]estimony at the [PCRA] hearing was conflicting in that Appellant testified that he did not give his permission for the appeal to be withdrawn[,] while [A]ttorney Paintin said that Appellant did give permission to withdraw the appeal."  ***Id.*** at 6-7 (citations omitted).  Based on the testimony, the PCRA court made the following specific findings.

> At the evidentiary hearing held on October 22, 2014, [Appellant] and Stewart Paintin, Esq. testified. We make the following findings of fact pursuant to their testimony.
>
> 1.     Stewart Paintin, Esq. has been with the Chester County Public Defender's Office for 25 years. Mr. Paintin represented [Appellant] during the appellate process only.
>
> 2.     An Appeal to the Superior Court was filed on June 7, 2013.
>
> 3.     After June 2013, Mr. Paintin reviewed the trial court record.
>
> 4.     On October 11, 2013, Mr. Paintin telephoned [Appellant] and informed [Appellant] that it was his legal opinion that trial counsel failed to preserve any meritorious issues for appeal.  During the 30 minute phone call, Mr. Paintin explained to [Appellant] that the best avenue for relief was to withdraw the Appeal and to file a PCRA Petition.

5. During the October 11, 2013 phone call, [Appellant] gave consent to Mr. Paintin to withdraw the Appeal.

6. On October 17, 2013, Mr. Paintin filed a Praecipe to Withdraw the Appeal with the Superior Court.

7. Mr. Paintin never met [Appellant] face-to-face.

8. On October 20, 2013, [Appellant] wrote to Mr. Paintin and acknowledged his consent to the withdrawal of his Appeal. [Appellant] also set forth his desire to pursue relief through a P.C.R.A. Petition.

9. We find Mr. Paintin credible in his testimony that he discussed withdrawing the Appeal and filing a P.C.R.A. Petition with [Appellant].

10. We find Mr. Paintin credible in his testimony that [Appellant] gave consent to withdraw the Appeal.

11. We do not find [Appellant] credible in his testimony that he did not give his consent to have the Appeal withdrawn as this testimony is contradicted by [Appellant's] own statements in his October 20, 2013 letter.

Trial Court Opinion, 1/28/15, at 14-15 (citations omitted).

Our careful scrutiny of the record confirms the trial court's findings are amply supported. As noted above, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Medina*, *supra*. Appellant's claim that his direct appeal counsel bypassed the strictures of *Anders* by filing a praecipe to withdraw Appellant's direct appeal without his consent, lacks a factual foundation. As determined by the

PCRA court, Appellant concurred in the decision to withdraw his direct appeal in order to pursue PCRA relief. ***See*** N.T., 10/22/14, at 11, 20 Ex. C-2 (letter dated October 30, 2013, from Appellant to direct appeal counsel, acknowledging withdrawal of the direct appeal and addressing issues to include in a PCRA petition).

Based on the foregoing, we conclude Appellant has failed to present a claim of arguable merit to establish his direct appeal counsel was ineffective. Appellant having failed to meet this prong of the ***Pierce*** test, we discern no abuse of discretion or error of law by the PCRA court in denying Appellant's amended PCRA petition. ***See Birdsong, supra***. Accordingly, we affirm the PCRA court's November 13, 2014 order denying Appellant's amended PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2015