J-S63028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH E. FULMER | |
| Appellant | No. 717 EDA 2015 |

Appeal from the PCRA Order February 25, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002971-2008

BEFORE: DONOHUE, J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.: **FILED DECEMBER 29, 2015**

Appellant, Keith E. Fulmer, appeals from the order entered February 25, 2015, dismissing his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA). After careful consideration, we affirm based on the thorough and well-supported opinion of the Honorable David F. Bortner.

The PCRA court has fully summarized the procedural history of this case, which we adopt and need not restate here.[1] PCRA Court Opinion, 2/25/15, at 1-2. On appeal, Appellant raises the following issues for our review.

---

[1] Appellant and the PCRA court are compliant with Pennsylvania Rule of Appellate Procedure 1925. In its Rule 1925(a) opinion the PCRA court referenced its February 25, 2015 opinion that accompanied its dismissal order as containing its reasons for denying Appellant relief.

I. Whether [the] trial court erred in dismissing [Appellant's] claim that the ten year mandatory sentence pursuant 18 Pa. C.S.A. Section 9718(a)(1) was unconstitutional by ruling that his claim cannot be applied retroactively as this claim was not pending during his direct appeal?

II. Ineffective Assistance of Counsel

A. Whether appellate counsel, who also served as trial counsel, rendered ineffective assistance for failing to properly present, litigate, preserve, and raise on direct appeal, the trial court's ruling to exclude evidence that the complainant, A.G., was engaged in sexual conduct with [Appellant's] son as admissible to support the complainant's motive to testify falsely regarding the alleged sexual contact with [Appellant].

B. Whether trial counsel/appellate counsel, rendered ineffective assistance in his handling of a prosecution witness for (a) failing to object to the testimony of the mother of complainant's friend who stated that the complainant was "honest," as an attempt to improperly bolster the credibility of the complainant (b) failing to cross-examine the witness regarding a motive for the complainant's accusations and (c) trial counsel's failure to cross-examine the witness regarding her knowledge of criminal investigation into a crime committed by the complainant?

C. Whether trial counsel/appellate counsel rendered ineffective assistance for failing to properly object to hearsay statements and/or raise on direct appeal several inadmissible hearsay statements?

(1) Whether trial counsel/appellate counsel rendered ineffective assistance for failing to argue on appeal the

- 2 -

objection raised regarding the excited utterance by the complainant to her father regarding an alleged attempt by petitioner to bribe her to change her story?

(2) Whether trial counsel/appellate counsel was ineffective for failing to raise on appeal the admission of hearsay evidence.

D. Whether trial counsel rendered ineffective assistance of counsel for failing to request an alibi instruction after presenting several witnesses that provided alibi testimony regarding one of only two alleged sexual encounters with Appellant that specified a date, time and location?

E. Whether trial counsel rendered ineffective assistance for failing to file a bill of particulars requiring the Commonwealth to establish on or around which dates/ months the specific charges attached[?] Failure to request the specific information left too much speculation for the jury to consider evidence which covered an eight month period of time?

F. Whether trial counsel rendered ineffective assistance for failing to request a jury instruction that the Commonwealth had to prove lack of consent with respect to the charge of involuntary deviate sexual intercourse?

G. Whether trial counsel/appellate counsel rendered ineffective assistance for failing to question the defense witnesses regarding the lack of veracity or truthfulness of the complainant?

H. Whether trial counsel rendered ineffective assistance for failing to properly present available evidence to refute the

prosecutor's characterization of the circumstances within [Appellant's] home at during [sic] the time period of the alleged crimes?

III. Newly discovered evidence

A. Whether a new trial is warranted based on the newly discovered evidence that the complainant had been sexually involved with [Appellant's] son during the same time period which the Commonwealth alleges petitioner was sexually abusing the complainant?

Appellant's Brief at 8-10.

We address these issues according to the following standards.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

**Commonwealth v. Feliciano**, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013)

(citation omitted).

[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Medina**, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014)

(*en banc*) (internal quotation marks and citations omitted), *appeal granted*,

105 A.3d 658 (Pa. 2014). Additionally, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. *Id.* at § 9543(a)(3).

When reviewing a claim of ineffective assistance of counsel, we apply the following test, first articulated by our Supreme Court in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 330 (Pa. 2011).

After a thorough review of the record, the PCRA petition and proceedings, we conclude the PCRA court has comprehensively addressed the merits of each of Appellant's issues and found them wanting. We perceive that the PCRA court has, where appropriate, made findings of fact, that the record supports, to which we defer. *See Feliciano*, *supra.* We further observe that the PCRA court has accurately stated the relevant law and standards of proof relative to Appellant's issues and properly applied them to the facts of this case. We conclude the reasoning expressed by the PCRA court in its February 25, 2015 opinion reflects our own.

Specifically, as to issue II. A., we agree that Appellant failed to establish ineffective assistance of counsel for trial and appellate counsel's purported failure to develop and preserve an issue relating to the victim's alleged sexual conduct with Appellant's son because counsel had a reasonable strategic reason for his conduct of the case. PCRA Court Opinion, 2/25/15, at 4-6.

As to issue II. B., we agree Appellant failed to establish ineffective assistance of counsel for trial counsel's purported failure to object to a witness' improper bolstering of victim's credibility. *Id.* at 7. The comment was not solicited by the Commonwealth, was fleeting, and resulted in no undue prejudice. *Id.*

As to issue II C, (1) and (2), we agree Appellant failed to establish ineffective assistance of counsel for trial counsel's purported failure to object

- 6 -

to purported hearsay statements. *Id.* at 8-9. The statements were either not hearsay or subject to a hearsay exception. *Id.*

As to Issue II. D., we share the PCRA court's conclusion that Appellant failed to establish ineffective assistance of counsel for trial counsel's purported failure to request an alibi instruction. *Id.* at 10-13. Appellant's alibi evidence was incomplete, and the instruction was not warranted. *Id.* Accordingly, Appellant was not prejudiced.

As to issue II. E., we are in accord with the PCRA court that Appellant failed to establish ineffective assistance of counsel for trial counsel's failure to request a bill of particulars to require the Commonwealth to more specifically identify the dates of the offenses. *Id.* at 14-15. When a course of conduct against a minor victim is alleged, reasonable flexibility is afforded the Commonwealth, which was not abused in this case. *Id.*

As to Issue II. F., we are of the same opinion as the PCRA court that Appellant failed to establish ineffective assistance of counsel for trial counsel's failure to request a lack of consent charge where Appellant denied the offending contact occurred. *Id.* at 16.

As to issue II. G., we agree Appellant failed to establish ineffective assistance of counsel for trial counsel's failure to present witnesses attacking complainant's veracity. *Id.* at 17. The proffered witnesses speak to specific instances not reputation, and their testimony would not be admissible for the

purpose advanced. Additionally, Appellant has not shown how he was prejudiced. *Id.*

As to issue II. H., we concur that Appellant failed to establish ineffective assistance of counsel for trial counsel's failure to present a refutation of the home circumstances at the time of the crimes. *Id.* at 18. Appellant has not developed how such testimony would have altered the result, hence no prejudice is shown. *Id.*

As to issue III. A., we share the PCRA court's determination that Appellant's "newly discovered evidence" is merely inadmissible hearsay regarding a matter of credibility and does not afford PCRA relief. *Id.* at 18-20.

Finally, as to issue I., we conclude that Appellant's legality of sentencing claim based on *Alleyne v. U.S.*, 133 S. Ct. 2151 (2013) and *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015), is not subject to retroactive application through the PCRA where Appellant's judgment of sentence was final prior to the decision in *Alleyne*. *See Commonwealth v. Riggle*, 119 A.3d 1058 (Pa. Super. 2015).

Accordingly, we adopt the February 25, 2015 opinion of the Honorable David F. Bortner as our own for the purposes of our disposition of this appeal. We conclude the PCRA court committed no error in determining Appellant's numerous issues were without merit. Accordingly, we affirm the

PCRA court's February 25, 2015 order dismissing Appellant's amended PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2015

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                              :
                              : CHESTER COUNTY, PENNSYLVANIA
vs.                           :
                              : CRIMINAL ACTION – PCRA
                              :
KEITH FULMER                  : NO. CR-2971-2008

Nicholas J. Casenta, Esquire, Chief Deputy District Attorney for the Commonwealth
Jerry Morano, Assistant District Attorney for the Commonwealth
Paul J. Hetznecker, Esquire, Attorney for the Defendant

## OPINION AND FINAL ORDER TO DISMISS PCRA PETITION PURSUANT TO Pa.R.Crim.P. 908(D)(1)

Defendant filed this petition for relief pursuant to the Post Conviction Collateral Relief Act ("PCRA") on January 13, 2012, requesting a new trial based upon numerous claims of ineffective assistance of trial / appellate counsel, Robert Donatoni, Esquire, a claim of newly discovered evidence, and a claim of unlawful sentencing. We conclude that Defendant is not eligible for the requested relief.

## PROCEDURAL HISTORY

On April 24, 2009, after a four-day jury trial, Defendant was found guilty of: one count of Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. §3123(a)(1); one count of Statutory Sexual Assault, 18 Pa.C.S. §3122.1; one count of Criminal Attempt to Commit Sexual Assault, 18 Pa.C.S. §901(a) and 18 Pa.C.S. §3124.1; one count of Corruption of Minors, 18 Pa.C.S. §6301(a)(1); eight counts of Indecent Assault, 18 Pa.C.S. §3126(a); and one count of Endangering the Welfare of Children, 18 Pa.C.S. §4304(a).

**RR36(a)**

Defendant was sentenced on August 25, 2009 to an aggregate sentence of not less than 14 years nor more than 28 years of confinement, followed by 10 years of consecutive probation. On September 3, 2009, the court determined that Defendant was not a Sexually Violent Predator.

Defendant filed an appeal to the Superior Court on September 14, 2009, and his judgment of sentence was affirmed on August 4, 2010. The Supreme Court denied Defendant's September 1, 2010 petition for allowance of appeal on January 25, 2011. On January 13, 2012, Defendant, through counsel, filed his first PCRA petition, alleging ineffective assistance of counsel and newly discovered evidence. Defendant's PCRA petition was dismissed without a hearing on September 17, 2012. On October 9, 2013, The Superior Court vacated the PCRA dismissal and remanded the case for an evidentiary hearing, stating that Defendant had "met the standard necessary to entitle him to an evidentiary hearing" on the claim that "counsel was ineffective in failing to adequately challenge the trial court's exclusion of evidence that victim was engaged in sexual conduct with Defendant's son." Commonwealth v. Fulmer, 2859 EDA 2012 (Pa. Super. 2013). In response, we held a two-day evidentiary hearing on February 12 and March 27, 2014, and permitted Defendant to be heard on all of his PCRA issues. We received supplemental briefs from the parties on August 13 and August 28, 2014. On January 12, 2015, Defendant filed an additional brief, raising a new claim based on the alleged unconstitutionality of Defendant's sentence. The Commonwealth filed a response to the new claim on February 9, 2015.

**RR36**

2

DISCUSSION

To be eligible for relief under the Post Conviction Relief Act ("PCRA"), it is necessary for Defendant to prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the seven errors set forth in 42 Pa.C.S.§9543(a)(2). Here, Defendant claims that he should be granted a new trial due to his trial counsel's ineffectiveness and the discovery of new evidence after his trial.

I.    INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Defendant raised nine claims of ineffective assistance of counsel, Robert Donatoni, Esquire, in his Supplemental Post-Conviction Relief Act Petition, filed August 13, 2014, which are delineated below. In order to prevail on a claim of ineffective assistance of counsel, Defendant must demonstrate "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. §9543(a)(ii). Our Supreme Court has stated that trial counsel is presumed to be effective and that the defendant has the burden of proving otherwise. See Commonwealth v. Williams, 570 A.2d 75, 81 (Pa. 1990). In order to prevail on a claim of ineffective assistance of counsel, Defendant must show that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) that but for counsel's ineffectiveness, there is a

**RR37**    3

reasonable probability that the outcome of the proceeding would have been different, thereby prejudicing Defendant's case. Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987). When a claim lacks arguable merit, the court need not analyze ineffectiveness any further because counsel will not be deemed ineffective for failing to pursue a meritless claim. Commonwealth v. Lennox, 378 A.2d 462 (Pa.Super. 1977).

A. "WHETHER APPELLATE COUNSEL, WHO ALSO SERVED AS TRIAL COUNSEL, RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO PROPERLY PRESENT, LITIGATE, PRESERVE, AND RAISE ON DIRECT APPEAL, THE TRIAL COURT'S RULING TO EXCLUDE EVIDENCE THAT THE COMPLAINANT, A.G., WAS ENGAGED IN SEXUAL CONDUCT WITH PETITIONER'S SON AS ADMISSIBLE TO SUPPORT THE COMPLAINANT'S MOTIVE TO TESTIFY FALSELY REGARDING THE ALLEGED SEXUAL CONTACT WITH PETITIONER."

Defendant avers that trial counsel failed to properly present, litigate, preserve and raise on direct appeal the trial court's ruling excluding evidence of alleged sexual conduct between the victim, A.G., and Defendant's son, N.F. Prior to trial, the court determined that any evidence of alleged prior sexual conduct between A.G. and N.F. should be excluded pursuant to Pennsylvania Rule of Evidence 403 as its prejudicial nature outweighed any probative value it might have, and it would likely confuse, mislead, or prejudice the jury if admitted in the context of Defendant's trial. The decision to admit or to exclude evidence rests within the sound discretion of the trial court and will not be reversed absent a finding of an abuse of discretion. Commonwealth v. Robertson, 874 A.2d 1200 (Pa.Super. 2005).

**RR38**

4

Defendant's trial / appellate counsel, Mr. Donatoni, testified at the PCRA evidentiary hearing held on February 12 and March 27, 2014, that it was part of his trial strategy to exclude this evidence because it ran counter to the defense theory of the case. Mr. Donatoni stated that the defense theory was that the alleged sexual conduct between Defendant and the victim never occurred, that Defendant was a strict disciplinarian, and that the motivation for the fabricated allegations of sexual abuse stemmed from victim's anger with Defendant for being so strict. (N.T. 2/12/14, p.31). Mr. Donatoni also testified that part of his trial strategy was to limit the amount of evidence admitted about the sexual history of the victim because he believed "in a child sex abuse case, less sex is better" when dealing with a sexual abuse case where the theory of the defense is that the abuse never happened. (N.T. 2/12/14, p.57). Mr. Donatoni also stated that he chose not to try to introduce any evidence of sexual contact between A.G. and N.F. because he only knew of one alleged prior incident between A.G. and N.F., not a continuing course of conduct, and that there was a discrepancy regarding the reported dates of the alleged incident. (N.T. 2/12/14, p. 30, 31).

Therefore, we find that Defendant's claim is without merit, trial counsel had a particular, rational trial strategy wherein he chose not to attempt to pierce the Pennsylvania Rape Shield Law, 18 Pa.C.S. §3104, in order to attack the victim's credibility by introducing any evidence of prior sexual contact between A.G. and N.F., and it is unlikely that the outcome of Defendant's case

would have been any different had Mr. Donatoni been permitted to introduce this evidence due to its prejudicial impact on the jury.

Defendant also alleges that Mr. Donatoni failed to properly appeal the trial court's decision to exclude evidence of the allegation of inappropriate sexual contact between the victim and N.F. "To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence...that any failure to litigate an issue prior to or during trial, during unitary review, or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." Commonwealth v. Showers, 782 A.2d 1010, 1014 (Pa.Super. 2001); 42 Pa.C.S. § 9543(a)(3), (4). Based upon Mr. Donatoni's testimony at the evidentiary hearing on February 12 and March 27, 2014, we find that he made a rational, strategic decision to raise only certain specific issues for review on appeal to the Superior Court, deliberately excluding this particular trial court evidentiary decision.

B. "TRIAL COUNSEL / APPELLATE COUNSEL, RENDERED INEFFECTIVE ASSISTANCE IN HIS HANDLING OF A PROSECUTION WITNESS FOR (A) FAILING TO OBJECT TO THE TESTIMONY OF THE MOTHER OF COMPLAINANT'S FRIEND WHO STATED THAT THE COMPLAINANT WAS "HONEST," AS AN ATTEMPT TO IMPROPERLY BOLSTER THE CREDIBILITY OF THE COMPLAINANT (B) FAILING TO CROSS-EXAMINE ACCUSATIONS AND (C) TRIAL COUNSEL'S FAILURE TO CROSS-EXAMINE THE WITNESS REGARDING HER KNOWLEDGE OF CRIMINAL INVESTIGATION INTO A CRIME COMMITTED BY THE COMPLAINANT." [sic]

Defendant avers that counsel was ineffective in the treatment at trial of the Commonwealth's witness, Gail Chambers, by failing to object, request a curative instruction, or to rebut the character trait evidence. Ms. Chambers is the mother of one of A.G.'s friends. When asked by the Commonwealth how she would describe A.G., Ms. Chambers testified, "[A.G.] appears in my mind to be very bright girl, intelligent, extremely funny, honest, I would say a very true friend." (N.T. 4/21/09, p.216). This particular response was not solicited by the prosecutor, but merely a "blurt-out," not especially responsive to the question. Trial counsel's failure to object was reasonable and we cannot find it constituted ineffective assistance of counsel. See Commonwealth v. LaCava, 666 A.2d 221 at 230 (Pa. 1995). Any objection or curative instruction would only have placed undue emphasis on this fleeting reference.

C. "TRIAL COUNSEL / APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO PROPERLY OBJECT TO HEARSAY STATEMENTS AND/OR RAISE ON DIRECT APPEAL SEVERAL INADMISSIBLE HEARSAY STATEMENTS."

(1) "TRIAL COUNSEL / APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO ARGUE ON APPEAL THE OBJECTION RAISED REGARDING THE EXCITED UTTERANCE BY THE COMPLAINANT TO HER FATHER REGARDING AN ALLEGED ATTEMPT BY PETITIONER TO BRIBE HER TO CHANGE HER STORY."

The victim's father testified at trial to a conversation he had with A.G. regarding a bribe made by Defendant. Defendant's objection to this testimony

**RR41**

7

was overruled by the Court. Appellate counsel did not raise the issue on appeal. Defendant now avers that appellate counsel was ineffective for failing to raise this issue on appeal, with an argument that the testimony was inadmissible hearsay. The trial court admitted the statement under the excited utterance hearsay exception. Defendant argues that the testimony did not meet the excited utterance exception because the statement was not made after a traumatic or shocking event.

Pennsylvania Rule of Evidence 803(2) provides that "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded evidence pursuant to the hearsay rule. Pa.R.E. 803(2). The Pennsylvania Supreme Court has described the excited utterance doctrine as follows:

> "An excited utterance is the event speaking and not the speaker. It is an exception to the hearsay rule, carved from human experience, which teaches that an unreflected, spontaneous utterance made under the impact of a shocking, unexpected emotion, precipitated by a traumatic event, renders the speaker the medium and not the message. Such an utterance is allowed in evidence because it is spontaneous and unreflected, without influence from thought, design and reason." Commonwealth v. Zukauskas, 462 A.2d 236 at 237 (Pa. 1983).

Considering whether a statement is admissible as an excited utterance, particularly regarding its spontaneity, is "dependent on the peculiar facts and circumstances of each case." Commonwealth v. Cooley, 348 A.2d 103 at 107 (Pa. 1975).

A.G.'s statement was prompted by Defendant's request that she withdraw her allegations of sexual assault, in exchange for a promise to "redo" her room. (N.T. 4/22/09 pp. 319-320). A.G. considered this to be a bribe.

**RR42**

8

Historically, the courts have considered a bribe to be an exciting event. See Commonwealth v. O'Brien, 164 A. 360 (Pa.Super. 1933). A.G., a minor, was described as hysterical and made an immediate outburst concerning the bribe incident to her father, John Gwara. Because this claim lacks merit, counsel cannot be considered ineffective and the claim is dismissed.

(2) "WHETHER TRIAL COUNSEL / APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE ON APPEAL THE ADMISSION OF HEARSAY EVIDENCE."

Defendant avers that the testimony of the Owen J. Roberts school police officer, Alicia Mathias, was inadmissible hearsay testimony which appellate counsel failed to rise on appeal. Trial counsel objected to the testimony as hearsay, but the trial court overruled the objection.

Although an out-of-court statement, this statement was offered to explain a course of conduct and is, therefore, not hearsay. Commonwealth v. Dent, 837 A.2d 571 at 577 (Pa.Super. 2003), citing Commonwealth v. Cruz, 414 A.2d 1032 at 1035 (Pa. 1980). Officer Mathias explained her course of conduct, including why she came into contact with A.G. on the morning of January 14, 2008. Furthermore, even if the court erred in admitting Officer Mathias' statement (that she was told a student was being abused by her stepfather) Defendant was not prejudiced because, at that point in the trial, A.G. had already testified in detail about being sexually assaulted by Defendant. As this issue lacks merit, we need not analyze ineffectiveness any further. Commonwealth v. Brown, 648 A.2d 1177 (Pa. 1994).

**RR43**

9

D. "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO REQUEST AN ALIBI INSTRUCTION AFTER PRESENTING SEVERAL WITNESSES THAT PROVIDED ALIBI TESTIMONY REGARDING ONE OF ONLY TWO ALLEGED SEXUAL ENCOUNTERS WITH PETITIONER THAT SPECIFIED A DATE, TIME AND LOCATION."

Defendant avers that trial counsel was ineffective for failing to request an alibi instruction. Specifically, Defendant contends that he presented alibi witnesses concerning two specific dates, December 31, 2007 and January 11, 2008. At trial, evidence was presented by both sides that Defendant and A.G. were in the same location, their home, on these dates. However, Defendant argues that the witnesses testified that he was never alone with A.G. on either of these dates – that he was, in fact, downstairs and A.G. was upstairs. With respect to December 31, 2007, Defendant presented the testimony of his father-in-law, Joseph Sarabello (N.T. 4/23/09, pp. 723-724), his mother-in-law, Judy Sarabello (N.T. 4/23/09, p. 702), his son, Eric Fulmer (N.T. 4/23/09, pp. 652-656), his son, Taylor Fulmer (N.T. 4/23/09, pp. 684-685) and his wife, Terry Fulmer (N.T. 4/22/09, pp. 540-546). With respect to January 11, 2008, Defendant presented the testimony of his son, Nicholas Fulmer.

If defense counsel had a reasonable and sound basis for declining to seek an alibi instruction, counsel cannot be ineffective. Commonwealth v. Hawkins, 894 A.2d 716 (Pa. 2006). Furthermore, a "new trial cannot be granted where alibi evidence is presented and an instruction is not requested

**RR44**

10

unless all three aspects of the *Pierce/Strickland* test are satisfied."[1] Commonwealth v. Sileo, 32 A.2d 753 at 758 (Pa.Super. 2011). "Specifically, a petitioner must show: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error." Pierce, supra at 975. The Hawkins court "ruled specifically that counsel's failure to request an alibi instruction does not constitute prejudice *per se* and that the *Pierce* prejudice aspect must be satisfied by the defendant in this context." Sileo, id.

Therefore, even if we assume for the sake of argument that counsel was ineffective for failing to request an alibi instruction, we must also find that such error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Additionally, we are mindful of the following language of the Sileo Court, supra at 767: "An alibi is a defense that places a defendant at the relevant time at a different place than the crime scene and sufficiently removed from that location such that it was impossible for him to be the perpetrator. Commonwealth v. Collins, 549 Pa. 593, 702 A.2d 540 (1997). Where a defense rests on timing rather than location, it is not considered an alibi. Id." Defendant's witnesses place him in the same crime scene residence at the

---

[1] Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987); Strickland v. Washington, 466 U.S. 668 (1984).

same time as the victim, not at a "removed" location "such that it was impossible for him to be the perpetrator."

With respect to an alleged alibi on December 31, 2007, A.G. provided detailed information regarding the incident on that date, although she did not articulate a specific time frame on that day during which the acts occurred, other than to say that they occurred before she went to a friend's New Year's Eve party. Although Defendant alleges that he presented "alibi testimony," after reviewing that testimony we can conclude neither that such testimony rises to the level of an alibi "defense" under the above-quoted Sileo language, nor that he was prejudiced such that the outcome of the proceeding would have been different if an alibi instruction was read to the jury.

Specifically, Mrs. Sarabello testified that it was possible that Defendant had gone upstairs during the time she was at the Fulmer residence on December 31, 2007. Terry Fulmer also testified that it was possible that Defendant went upstairs. The testimony from Eric Fulmer was that he was at his father's home only between 8:15 p.m. and 9:30 p.m. on December 31, 2007, and, therefore, his testimony can only account for an hour and fifteen minutes. Furthermore, although Mr. Sarabello testified that Defendant did not leave his presence, this testimony conflicts with other defense witness testimony that it was possible Defendant went upstairs, to the bathroom or out to the garage. Mr. Sarabello's testimony focused mostly on where Defendant was before dinner, but made little mention of where Defendant or

**RR46**

12

A.G. were after dinner, approximately 2-3 hours before A.G. left for her New Year's Eve party. (N.T. 4/23/11 p.726).

With respect to the January 11, 2008 acts, Defendant asserts that an alibi instruction should have been presented because his son, Nicholas Fulmer, testified that he was working with Defendant after school, they returned home together, went out to get chicken for dinner and then ate dinner. Nicholas Fulmer testified that Defendant never left his presence. Yet, despite the specificity with which Nicholas Fulmer testified with regard to the events of January 11, 2008, he could not remember a single detail of what occurred two days later on January 13, 2008, the day A.G. ran away from home. Given the extensive testimony from A.G. regarding not only the acts on January 11, 2008, but various other times, and Nicholas Fulmer's inability to recollect other significant contemporaneous details, thus rendering questionable his credibility, we conclude there is not a reasonable probability that the outcome of the trial would have been different.

For the above reasons, we do not find that Defendant was prejudiced by the failure to request an alibi instruction, such that the outcome of the proceeding would have been different.

    E.    "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO FILE A BILL OF PARTICULARS REQUIRING THE COMMONWEALTH TO ESTABLISH ON OR AROUND WHICH DATES / MONTHS THE SPECIFIC CHARGES ATTACHED. FAILURE TO REQUEST THE SPECIFIC INFORMATION LEFT TOO MUCH SPECULATION FOR THE JURY TO CONSIDER EVIDENCE WHICH COVERED AN EIGHT MONTH PERIOD OF TIME.

FAILURE TO REQUEST A BILL OF PARTICULARS TO GUIDE THE JURY."

Defendant avers that trial counsel was ineffective for failing to request a bill of particulars setting forth specific dates that the Commonwealth alleges were attached to each of the crimes charged.

"[T]he Commonwealth is not 'required to prove the single specific date of a crime in every instance, instead, any leeway would vary with the nature of the crime and the age and condition of the victim balanced against the rights of the accused'." Commonwealth v. Brooks, 7 A.3d 852 at 858 (Pa.Super. 2010), citing Commonwealth v. McClucas, 516 A.2d 68, 70-71 (Pa.Super. 1986). Where the victims are of such a young age when the abuse occurred that it is unlikely that they would be able to provide a specific timeframe during which the alleged offenses occurred, the Superior Court has held that time is not essential to the crimes. Brooks, supra, citing Commonwealth v. Niemetz, 422 A.2d 1369, 1373 (Pa.Super. 1980). Specifically " 'a broader, less definite timeframe' may be alleged in a criminal complaint when the allegations related to the sexual abuse of a child." Brooks, supra, citing Commonwealth v. Bethlehem, 570 A.2d 563 (Pa.Super. 1989). Furthermore, when the crimes allegedly occurred over a continuous period, a defendant's ability to defend himself is less seriously encroached upon. Brooks, supra, citing McClucas, supra at 71, and Commonwealth v. Yon, 341 A.2d 169, 171 (Pa.Super. 1975).

In the instant case, the Commonwealth provided a short time, between April 2007 and December 31, 2007, and articulated two specific dates, December 31, 2007 and January 11, 2008. Although fourteen years old, A.G. was still a child contending with sexual abuse that occurred as a course of conduct over months. When "the crime is a continuing one and is obviously less susceptible to being dated within a reasonable degree of certainty, especially where the victim is a child, the courts have not required the Commonwealth to establish the dates of each occurrence." Commonwealth v. Szarko, 616 A.2d 26 (Pa.Super. 1992). Specifically, in Szarko, where the crimes were perpetrated upon a victim between the ages of twelve and thirteen and occurred over a six-month period, the court determined that the dates provided, from September 1, 1989 to March 12, 1990, "were within the reasonable measure of flexibility allowed to the Commonwealth in child molestation cases." Id. Here, as in Szarko, the Commonwealth provided the information that was provided by A.G. Even if requested to set forth more specific dates, the Commonwealth would have been unable to do so. Considering that the victim was a child and the crimes occurred as a course of conduct, Defendant was reasonably apprised of the dates of the crimes charged against him. Therefore, trial counsel was not ineffective for raising a meritless issue.

F.    "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO REQUEST A JURY INSTRUCTION THAT THE COMMONWEALTH HAD TO PROVE LACK OF CONSENT WITH

RESPECT TO THE CHARGE OF INVOLUNTARY DEVIATE SEXUAL INTERCOURSE."

Defendant avers that trial counsel was ineffective for failing to request a lack of consent jury instruction with respect to the charge of Involuntary Deviate Sexual Intercourse (IDSI). Defendant's theory of the case was that these acts did not occur at all. Thus, for trial counsel to argue to the jury that these acts were in fact consensual would be disingenuous.

Furthermore, with regard to Defendant's claim that the court should instruct the jury concerning consent in light of the prosecutor's closing remarks, the jury was instructed by the court that the closing arguments of counsel do not constitute evidence and that "you must apply only the law that I give to you, not what you think the law is or what someone else told you it is or what you think it should be." (N.T. 4/24/09 p. 972). The jury is presumed to follow the court's instruction. Commonwealth v. Flor, 998 A.2d 606 at 632 (Pa. 2010). Finally, the court correctly instructed the jury on IDSI by reciting, almost verbatim, the applicable standard jury instruction. S.J.I. 15.3123A (Crim). Therefore, trial counsel cannot be deemed ineffective where no merit exists.

G. "TRIAL COUNSEL / APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO QUESTION THE DEFENSE WITNESSES REGARDING THE LACK OF VERACITY OR TRUTHFULNESS OF THE COMPLAINANT."

Defendant alleges that trial counsel was ineffective for failing to present "bad character" testimony concerning A.G.'s untruthfulness. Specifically,

**RR50**

16

Defendant avers that because Commonwealth witness, Gail Chambers, introduced evidence with respect to A.G.'s honesty, defense counsel should have introduced evidence refuting that reputation.

Regardless of Ms. Chambers' testimony regarding A.G.'s honesty, the defense was permitted to present character evidence of A.G.'s reputation for untruthfulness simply because A.G. testified. Pa.R.E. 608. Credibility of a witness may be attacked or supported by evidence in the form of reputation. Id. A witness' character for truthfulness refers not to particular instances of honestly or dishonesty, but rather to one's general reputation in the community. Commonwealth v. Fisher, 764 A.2d 82, 87 (Pa.Super. 2000).

Defendant avers that there are five witnesses who are prepared to testify as to A.G.'s dishonesty. However, each refers to A.G.'s dishonesty "amongst our family" or "in our home" or "amongst the Fulmer family members." Furthermore, the affidavits refer to specific instances of conduct of A.G's alleged untruthfulness, which is inadmissible pursuant to Pa.R.E. 608(b)(1).

Finally, Defendant does not state in his petition how he was prejudiced and how the failure to call the alleged character witnesses would have changed the outcome of his trial. A PCRA petitioner may not rely on boilerplate allegations. Commonwealth v. Natividad, 938 A.2d 310 (Pa.Super. 2007). Here Defendant makes only a boilerplate allegation that the failure to call character witnesses undermined the truth-determining process. We cannot find that Defense counsel was ineffective.

H. "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO PROPERLY PRESENT AVAILABLE EVIDENCE TO REFUTE THE PROSECUTOR'S CHARACTERIZATION OF THE CIRCUMSTANCES WITHIN PETITIONER'S HOME AT DURING [sic] THE TIME PERIOD OF THE ALLEGED CRIMES."

Defendant contends that Terry Fulmer could have testified that A.G. had numerous instances of misconduct in middle school as well as problems with her school work. This evidence is inadmissible because it is irrelevant. Furthermore, the Defendant failed to demonstrate that "but for the act or omission in question, the outcome of the proceedings would have been different." Commonwealth v. Rollins, 738 A.2d 435 at 441 (Pa. 1999).

## II. NEWLY DISCOVERED EVIDENCE

Defendant raised one claim of newly discovered evidence in his Supplemental Post-Conviction Relief Act Petition, filed on August 13, 2014:

"A NEW TRIAL IS WARRANTED BASED ON THE NEWLY DISCOVERED EVIDENCE THAT THE COMPLAINANT HAD BEEN SEXUALLY INVOLVED WITH PETITIONER'S SON DURING THE SAME TIME PERIOD WHICH THE COMMONWEALTH ALLEGES PETITIONER WAS SEXUALLY ABUSING THE COMPLAINANT."

In order to prevail on this claim, Defendant must prove "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. §9543(a)(vi). To be entitled to relief based upon newly-discovered evidence under the PCRA, a defendant must establish by a preponderance of the evidence that: "(1) the evidence has been

18

**RR52**

discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." Commonwealth v. D'Amato, 856 A.2d 806 at 823 (Pa. 2004).

Evidence is not considered unavailable at trial unless it was discovered after the trial and could not have been "obtained at the trial by reasonable diligence."

Defendant avers that there was newly discovered evidence that A.G. had been sexually involved with petitioner's son, N.F., during the same time period which the Commonwealth alleges petitioner was sexually abusing the complainant. In support of this allegation, Defendant attached an affidavit from Taylor Fulmer indicating he had a conversation with A.G. after the trial wherein A.G. told him she had an ongoing sexual encounter with his brother, N.F.

Defendant neither filed an affidavit signed by A.G. or N.F., but rather submitted an affidavit signed by Taylor Fulmer which is inadmissible hearsay. Furthermore, any evidence of sexual contact between N.F. and A.G. would be used solely to impeach the credibility of A.G. If the sexual contact between N.F. and A.G. was consensual, then it would be protected by the Rape Shield statute, 18 Pa.C.S. §3104. If the contact was not consensual, the trial court had previously ruled in a motion in limine that there would be no mention of sexual contact between N.F. and A.G. Specifically, the court considered the

**RR53**

19

alleged sexual contact that occurred between N.F. and A.G. in 2004 and stated as follows:

> "...And to the commonwealth, to the extent that it is conceivable that the jury may conclude that [A.G.] is a less sympathetic victim in this case for reasons that she is viewed as either somehow promiscuous or otherwise somewhat of a willing participant, that is a risk that the commonwealth runs a risk of in this case if [A.G.] is viewed with some lack of sympathy for that reason. I think there's also a risk to the defendant that if the jury is aware that more than one Fulmer male had had some contact with [A.G.] that it could prejudice the defendant unfairly in that it's viewed that the Fulmer men have been ganging up on her somehow or there's been more than one Fulmer male acting improperly with her. And that is not a risk that I think that the defendant should have to encounter the possibility of risk in this case." (N.T. 4/21/09, p. 6).

Not only is the proposed newly discovered evidence irrelevant, inadmissible, and intended to be used solely to impeach the credibility of A.G., we conclude it would also be unlikely to change the outcome of the trial.

## III.   CONSTITUTIONALITY OF SENTENCE

In his "Second Supplemental PCRA Petition and Combined Memorandum of Law" filed January 12, 2015, Defendant challenges the constitutionality of his sentence based upon Commonwealth v. Wolfe, 2014 PA Super 288. That case arises out of the U.S. Supreme Court decision in Alleyne v. U.S., 133 S.Ct. 2151 (2013). Alleyne held that judicial factfinding during sentencing for the purposes of imposing an increased mandatory minimum sentence violated the Sixth Amendment to the U.S. Constitution, and any fact that would precipitate an increased mandatory minimum must be found by the jury. Alleyne, 133 S.Ct. at 2156. The "core crime and the

**RR54**

20

fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury" and found beyond a reasonable doubt. Id. at 2161.

In light of this ruling, the Superior Court of this Commonwealth has held unconstitutional Pennsylvania statutes that mandate minimum sentences which hitherto had required judicial factfinding. E.g., Commonwealth v. Newman, 99 A.3d 86, 88 (Pa. Super. 2014). However, in order for such a new constitutional rule to apply retroactively to a given defendant, that defendant's case must be pending on direct review. Id. at 90, citing Schriro v. Summerlin, 542 U.S. 348, 351 (2004). The Superior Court has also held that "even assuming that Alleyne did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that Alleyne is to be applied retroactively to cases in which the judgment of sentence had become final." Commonwealth v. Miller, 102 A.3d 988, 995 (Pa. Super. 2014). Under the PCRA, "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. §9545(b). In every instance where the Superior Court has vacated a sentence based on Alleyne, including Wolfe, the defendant's case was awaiting resolution of direct appeal when those cases were decided, thus judgment had not yet become final. See Commonwealth v. Valentine, 101 A.3d 801 (Pa. Super.

2014); <u>Commonwealth v. Bizzel</u>, 2014 PA Super 267; <u>Commonwealth v. Vargas</u>, 2014 PA Super 289; <u>Commonwealth v. Ferguson</u>, 2015 PA Super 1.

Defendant alleges that the unconstitutionality of the sentencing statue as found it <u>Wolfe</u> entitles him to relief. The statute he was sentenced under, 18 Pa.C.S. §9718, was indeed held unconstitutional by the Superior Court in that case. <u>Wolfe</u>, 2014 PA Super 288. However, using the definition in the PCRA, judgment in Defendant's case became final on January 25, 2011 when the Supreme Court of Pennsylvania denied his petition for allowance of appeal. As such, even if the rule announced in <u>Alleyne</u> and <u>Wolfe</u> applies to Defendant, he is not entitled to relief under that line of cases. Judgment in Defendant's case was final well before <u>Alleyne</u> or <u>Wolfe</u> were decided, and they do not apply retroactively to him.

### Conclusion

For the reasons stated above, the court does not find that trial/appellate counsel was ineffective, we do not find that a new trial is warranted based upon the discovery of new evidence, nor do we find that Defendant's sentence is unconstitutional. Therefore, Defendant's PCRA Petition should be dismissed.

Accordingly, we enter the following Order:

**RR56** 22