J-S40002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES BROWN | |
| Appellant | No. 2407 EDA 2015 |

Appeal from the PCRA Order July 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0209611-1981

BEFORE:  BOWES, MUNDY AND MUSMANNO, JJ.

JUDGMENT ORDER BY BOWES, J.:                    **FILED JUNE 14, 2016**

Charles Brown appeals from the July 10, 2015 order denying him PCRA relief.  We reverse and remand.

In 1980, then sixteen-year-old Appellant participated in the robbery and stabbing death of Theodore Walker.  He was sentenced to a mandatory term of life imprisonment without parole.  We affirmed, and allowance of appeal was denied. ***Commonwealth v. Brown,*** 480 A.2d 1171 (1984). Appellant filed a petition under the now-repealed Post-Conviction Hearing Act, and three PCRA petitions.  The PCRA petitions were ruled untimely.

Appellant filed his present PCRA petition on June 15, 2010, which was dismissed as untimely.  This appeal followed.  Appellant raises two claims: 1) trial counsel was ineffective for disseminating defective advice that led to

his rejection of a favorable plea deal; and 2) his life sentence is unconstitutional under **Miller v. Alabama**, 132 S.Ct. 2455 (2012), which held that it was unconstitutional to sentence a juvenile homicide offender to a mandatory sentence of life without parole.[1]

Appellant invokes the after-recognized constitutional right exception to the PCRA's one-year time bar. Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date a defendant's judgment becomes final, "unless the petition alleges and the petitioner proves that . . . . (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

As to his first claim, Appellant relies upon **Lafler v. Cooper**, 132 S. Ct. 1376 (2012) (where attorney's bad advice led to rejection of plea offer, defendant was entitled to enforcement of bargain). We have held that **Lafler** did not create a new constitutional right, and that a claim invoking that decision does not fall within the parameters of § 9545(b)(1)(iii). **Commonwealth v. Feliciano**, 69 A.3d 1270 (Pa.Super. 2013). Hence, this claim was properly dismissed as untimely presented.

---

[1] The PCRA court ruled that **Miller** was inapplicable herein since it had not been ruled retroactive to petitioners in the post-conviction setting.

However, while this appeal was pending, *Miller* was held to be retroactive by the United States Supreme Court. *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). On February 29, 2016, Appellant filed a motion with this Court seeking to amend his PCRA petition in light of *Montgomery*. The Commonwealth does not oppose the grant of relief in this connection. In *Commonwealth v. Secreti,* 2016 PA Super 28 (Pa.Super. 2/9/16), Secreti was sentenced to mandatory life imprisonment without parole for a homicide that he committed as a juvenile. He filed a PCRA petition seeking relief under *Miller*, as did Appellant herein. Relief was denied, and Secreti, as was Appellant, was on appeal when *Montgomery* was decided. Due to *Montgomery,* this Court in *Secreti* held that (1) *Miller* applied retroactively to Secreti's sentence and the claim fell within § 9545(b)(1)(iii), and that Secreti was entitled to a new sentencing hearing in accordance with the dictates of our Supreme Court's decision in *Commonwealth v. Batts,* 66 A.3d 286 (Pa. 2013). Thus, Appellant herein is entitled to sentencing relief under *Miller/Montgomery*.

The July 10, 2015 order denying PCRA relief and the April 28, 1982 judgment of sentence are vacated. Case remanded for resentencing under *Batts*. The court is directed to appoint counsel for Appellant. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/2016